The Commissioners of the Clinton and Port Hudson Rail Road Company *v.* John Kernan.

Neither the charter of the Clinton and Port Hudson Rail Road Company, (Acts 7th Feb. 1833, 10th March 1934, etc.,) nor the by-laws of the Company, conferred any authority on their cashier to release a debtor of the Company's by substituting another in his place.

The legal interest on a sum discounted by a bank, is that established by its charter. C. C. 2895.

The provision of the 19th section of the act of 1834, relative to the Clinton and Port Hudson Rail Road Company, which declares, that the mortgages for stock and loans granted by virtue of that act, shall bear interest at the rate of ten per cent a year, after maturity, until paid, applies only to subscriptions for the part of the stock to be secured by mortgage. Under the charter, eight per cent is the rate of legal interest, arising *ex mora*, on a note given for money loaned. Sect. 8.

Appeal from the District Court of East Feliciana, *Johnson*, J. *A. M. Dunn*, for the appellants.

*McVea*, *Muse* and *Merrick*, for the defendant.

Bullard, J. The plaintiffs, as Commissioners for liquidating the affairs of the Clinton and Port Hudson Rail Road Company, allege that the defendant is indebted to that institution in the amount of his note for $3200, with interest, payable to their cashier. That the defendant, after the note had become the property of the bank, induced the cashier to take the note of one Charles Black, who was notoriously insolvent, for the same amount of money, in lieu of his own note, and thereby got pos-

session of his own note, under the pretext of selling and transferring to said Black fifty shares of the cash stock of said institution, which were pledged for the payment of said note, but which, at the time of the transfer, had become worthless. They allege that said transaction was unauthorized by the Company, and not warranted by the charter, and was a fraud upon the Company. They annex to their petition the note of said Black, to be returned to the defendant Kernan. They pray for judgment for the amount of the note first given, with interest and costs.

The defendant first answered by a general denial, and then pleaded, as a peremptory exception, that proper parties had not been made, and prescription.

The facts alleged in the petition are substantially proved. The note sued on was given and secured by a pledge of stock. The note of Black was taken in lieu of it, on a transfer of the stock to him, and the defendant released by the cashier alone, without the express consent of the Board of Directors. There was, therefore, a novation, if the cashier was competent to give the consent of the corporation to the contract by which one debtor was released and another accepted in his place.

It is clear that neither the charter nor the by-laws confer such authority on the cashier; and it only remains to enquire, whether its exercise has been sanctioned by usage and the acquiescence of the Directors.

Some of the witnesses testify that similar transactions had been made by the cashier without the authority of the Directors, but with their knowledge. The cashier at that time testifies, that he notified both parties that the Board disapproved the transaction; and a copy of a resolution of the Board to that effect is in the record. It is shown further, that Black voted as a stockholder after the transfer to him of the stock by Kernan.

The evidence is far from satisfying us that the cashier had any authority to bind the corporation, by a release of a debt due to the bank, either derived from the charter or sanctioned by usage. His powers are administrative only. A mere transfer of stock so as to entitle the transferree to vote at a meeting of the stockholders, does not require the consent of the corpo-

ration; but that is a very different thing from the release of the obligation of the original stockholder to pay his note secured by a pledge of the same stock. The plea of prescription is not sustained.

We conclude that the court erred in giving judgment for the defendant.

The plaintiffs claim interest at the rate of ten per cent per annum. Their right to recover any rate of legal interest above five per cent, in the absence of any stipulation, depends upon the charter of the bank. The 8th section of the act of 1834, entitled An act to amend the act incorporating the Clinton and Port Hudson Rail Road Company, (See acts of that year, page 114,) declares that they shall not receive more than eight per cent per annum on any loan or discount. It is true the 17th section of the same act provides, that the mortgages for stock and loans granted by this act shall bear ten per cent after maturity, until paid. But we understand the last provision to apply to subscriptions for that part of the stock to be secured by mortgage. We conclude that eight per cent is the rate of legal interest, arising *ex mora*, on a note given for money loaned, this being a loan upon a pledge of cash stock. 2 La. 61.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; and it is further adjudged and decreed that the plaintiffs recover of the defendant, John Kernan, the sum of $3200, with interest at eight per cent from the maturity of the note, and the costs in both courts.

---

### SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

Defendant having made a note in favor of a bank, obtained from the cashier possession of the note and a release from the debt, on substituting another debtor in his place. In an action against the maker to recover the amount of the note, on the ground that the cashier had no authority to release him: *Held*, that plaintiffs were under no obligation to cite the maker of the second note as a party to the suit.

The release of a debtor is an act of ownership, which the cashier of a bank is not authorized to do, under his general administrative powers.

BULLARD, J. The defendant's counsel have presented a peti-

tion for a re-hearing at the same time that they are pleased to *imagine* that such applications are listened to by us with reluctance.   In this  they are certainly  mistaken ; for we  always pay the most respectful attention to such applications, believing them to be dictated by a sense of  professional  *duty*  on  the part of counsel, although  sometimes indicating an  excessive  professional zeal,  and making too little allowance for  an honest difference of  opinion.

One ground  for  asking  this  re-hearing is, that the court entirely overlooked a plea, on the part  of  the  defendant, that proper parties had not been made, and that Black, the maker of the new  note, ought to have  been  made defendant.   It is true this was  not noticed, because  no reason was given  why he  should have been  cited by the  bank as  defendant.   Such a proceeding would have  been absurd in the plaintiffs,  who  had  refused  to recognize him  as their debtor, and who had no judgment to ask against him.   His note  was brought into  court  to be given up to the defendant, Kernan.   Perhaps the defendant  would  have been authorized to  cite Black in the  case, as his personal warrantor ;  but between the plaintiffs and  him  there was no  priority of  contract, and  the  defendant did  not ask to have  him made a  party.

Upon the merits, it appears to  us that the doctrines of agency as it relates to cashiers of banks, as laid down in Story on Agency, page 103, are applicable ;  and  that the  release of a debtor in an  act  of ownership, which a  cashier  is  not authorized to perform under his general administrative powers.   The  acquiescence of the  board in  other transactions of the  kind  would prove nothing, unless it were shown that  in those cases, as  in this, the transferee of  the stock and  maker  of the  new  note, was notoriously insolvent.   If in  the  other  instances the new obligor  was solvent, no inference can be drawn from the assent of  the directors being given tacitly, or their acquiesence in  the act of the cashier.

*Re-hearing refused.*