Aᴜʙɪᴄ
v.
Gɪʟ-

at or about the time of the conveyance, has been fully established. Its non-appearance has been accounted for. Indeed there is every reason to believe that the defendant, who was the tutor of the plaintiff during her minority, has himself destroyed it, if he has not it in his possession. The evidence shows him throughout to have been a mere spoliator, and the plaintiff's title is sufficient to enable her to recover the land from him, with its rents and profits.

The recovery in this case can have no illegal or immoral effect. Some of the heirs of *François Rivas* have discharged the plaintiff from the original judgment had against her mother, which the conveyance to the defendant was intended to frustrate. The return of the property to the plaintiff will restore it to the operation of the judgment, for the benefit of those of the heirs who have not released the plaintiff.

It is therefore decreed that the judgment of the District Court be reversed, and that the plaintiff recover from the defendant the land described in the petition, with costs in both courts; her claim for damages, profits, and rents, being reserved.

---

## Bᴀɴᴋ ᴏғ Lᴏᴜɪsɪᴀɴᴀ *v.* Wɪʟᴄᴏx et al.

A note discounted by a bank, at the highest rate of interest allowed by its charter, for the benefit of the maker, to whom the proceeds were paid, will, if unpaid at maturity, bear the same rate of interest from that time till payment.
A husband is not responsible for debts contracted by his wife before marriage.

APPEAL from the District Court of West Feliciana, *Boyle*, J. *A. M. Dunn*, for the plaintiffs. *Bowman* and *Lyons*, for the appellants. The judgment of the court was pronounced by

Sʟɪᴅᴇʟʟ, J. The *Bank of Louisiana* formerly held a note of one *Mussenden*, endorsed by *Walker*, *Laurie* and *Henderson*. *Mussenden* died, and his widow, one of the present defendants, renounced the community of acquêts and gains. After this renunciation, she made the note now sued upon, to the order of and endorsed by *Henderson*. The bank discounted it, the proceeds were passed to her credit, drawn by her check, and applied to the payment of the protested note of her husband.

The defendant, *Mrs. Wilcox*, was perfectly competent to contract, and did contract, with the bank; and the fraud, which she alleges was practised upon her by *Henderson*, has not been proved.

The question is raised, whether interest was rightfully adjudged at the rate of nine per cent per annum after maturity. The note itself stipulates no rate of interest after maturity. But it has been proved that it was discounted by the bank; and, as it was payable at twelve months after date, the bank had a right to take, upon the discount, nine per cent, according to its charter. After the maturity of this discounted note, the bank is entitled to a like rate of interest from the party discounting, as has been many years since settled in the case of *The Bank of Louisiana* v. *Sterling*. 2 La. 61. The rule was reaffirmed in the case of *the Commissioners of the Clinton and Port Hudson Railroad Company* v. *Kernan*. 10 Rob. 174.

The judgment was improperly rendered against the husband, the debt having been contracted by *Mrs. Mussenden*, before her marriage with *Wilcox*.

It is therefore decreed that the judgment of the court below be reversed; and it is further decreed, that the plaintiffs recover of the defendant, *Caroline E. Mussenden*, now *Mrs. Wilcox*, the sum of $800, with interest at the rate of nine per cent per annum from the 18th day of March, 1843, till paid, and costs of this suit in the court below; the costs of this appeal to be paid by the plaintiffs.

BANK OF LOUI-
SIANA
*v.*
WILCOX.

---

## Union Bank of Louisiana *v.* Jones.

In an action by the holder against the endorser of a note, the maker is generally a competent witness for the endorser; but not where the note was endorsed by the latter for the accommodation of the maker. In such a case he is not indifferent, being liable for the costs in the case of judgment against the endorser; but not liable, if in his favor. C. C. 2260.

APPEAL from the District Court of St. Tammany, *Briggs*, Parish Judge, presiding. The judgment below was in favor of the defendant, and the plaintiffs appealed.

*Halsey*, for the appellants. *Jones* and *Childress*, for the defendant, cited as to the admissibility of the maker of a note in a case like the present, *Waters* v. *Petrovic*, 19 La. 584.

The judgment of the court was pronounced by

SLIDELL, J. This suit is brought against the defendant as endorser of two notes, one made by *Penn*, and one by *Minter*, and both discounted by the plaintiffs. They stipulate interest at seven per cent from maturity.

It appears that the note of *Penn* had been put in suit against him, but had been destroyed by fire, with the other records of the court in which the suit was brought. Independently of the books of the bank, which were objected to, the notarial copy made at the time of protest by the notary, aided by the testimony of two witnesses examined in the cause and the admissions in the answer, sufficiently establish the former existence of the note, its endorsement by the defendant, that it was discounted to renew a previous note of the maker, and its destruction. There should have been judgment for the plaintiffs upon this portion of his claim.

The note of *Minter* was also discounted by the bank, to take up an antecedent liability of the maker, the defendant being an accommodation endorser. He has urged in argument, as in his answer, that this note was endorsed by him and discounted on certain conditions, which have not been fulfilled; and, in support of this defence, he offered *Minter*, the maker of the note, as a witness. The plaintiff excepted to the competency of this witness, and we are of opinion that he should have been excluded. In an ordinary case the maker would probably be a competent witness for the endorser, to prove the existence of such a defence, upon the ground of indifference in point of substantiated interest; and, in this respect, the provision of our Civil Code harmonizes with the prevailing rule of the commercial law; for, in the language of article 2260, he is not interested either directly or indirectly in the event of the cause. If the plaintiff gains he is still liable for the amount of the note to the endorser; if the plaintiff loses he is still liable for the like amount to the