*Eastern District.*
*May, 1830.*

SUARES
*vs.*
HIS CREDITORS.

---

### *McCALL vs. MERCIER.*

The right of commuting mortgages is granted only in respect to tacit or legal mortgages imposed by law on the estate of Tutors and Curators.

Whether it extends to tutors who were in office at the time of the passage of the act?  *Quere.*

APPEAL from the court of the first district.

1L 344
40  175

1L 343
50  911
51  1166

In 1823 the wife of the plaintiff obtained a-gainst him a separation of property, and a judgment which operated a mortgage upon the whole of his estate.   The wife afterwards died, leaving three minor children, of whom, the plaintiff was natural tutor.   The plaintiff being desirous to free his estate from the effect of this general mortgage, obtained from the court of probates a decree, that, upon his executing a special mortgage in favour of the minors, upon a certain tract of land and slaves, the general mortgage should be released.   The steps taken by the plaintiff to obtain this decree were strictly legal, and having in conformity therewith executed the special mortgage, he required of the recorder of mortgages to cancel the general mortgage.   Upon his refusal to do so, the plaintiff applied to the court below for a *mandamus*.   A *nisi mandamus* issued, commanding the recorder to cancel the mortgage, or to show cause on a given day why a peremptory *mandamus* should not issue.   The record-er, having, in the opinion of the court below, shown good cause; the rule was discharged and the plaintiff appealed.

*Pierce*, for appellant.

1. A *mandamus* should issue. C. P. Sec. 1, *mandamus.*

2. The proceedings are according to law. C. C. 3308; 9, 10; 331.

*Dennis,* for the appellee.

MATHEWS J. delivered the opinion of the court. This is an appeal from a decision of the court below, by which that court refused to grant a *mandamus* to the register of mortgages, requiring him to cancel and erase a judicial mortgage, which existed on all the estate of the plaintiff.

It appears by the evidence of the case, which is composed of written documents, that McCall's wife, in January 1823, obtained a separation of property from her husband, and a judgment against him for the sum of sixty-one thousand two hundred and four dollars and ninety-eight cents, with interest thereon at the rate of five per cent. per annum, as a privileged debt. This judgment affects all his property. The wife afterwards died, leaving three children, to whom the plaintiff is natural tutor. In consequence of his situation as such, there is also a tacit or legal mortgage on his estate. He

being desirous to have these general, judicial and legal mortgages thus acquired in favour of his minor children, restricted to a portion of his immovable property, caused an under-tutor to be appointed for the minors, and proceeded through the regular steps pointed out by law, to obtain a decree of the court of probates, of the place where the succession of his wife was opened, ordering that he should execute a special mortgage on a certain tract of land and a number of slaves, and that the general, judicial or legal mortgage on all his estate should be released. The special mortgage was made in conformity with the decree of the court of probates, and on the exhibition of these documents, the plaintiff required of the recorder of mortgages to cancel the general mortgage, which the latter refused to do; and an application for a *mandamus* to compel him by order of the district court, was made by the former.

The commutation of mortgages, as claimed by the plaintiff in the present case, (his counsel contend) is authorized by an act of the legislature, passed in 1817, by which, a privilege is granted to tutors and

curators of minors, and to give special mort-gages in certain cases therein prescribed. And also by the acts 331, *and* 3308 *of the La. Code.*

The minors, against whose right, the restriction, from a general to a special mortgage is claimed, appear to have two distinct species of hypothecation on all the property of their father; the one judicial, based on the judgment which their mother obtained against him, when a separation of goods was decreed; the other tacit or legal, in consequence of his situation as natural tutor. In relation to the first of these mortgages, none of the laws relied on by the plaintiff, gave the privilege of restriction or commutation. This right or privilege, is granted only in respect to the tacit or legal mortgages imposed by law on the estates of tutors and curators. The act of 1817, and the art. of 331 of the Code, provide for a substitution by special mortgage, in place of sureties; and consequently afford no rules for the government of the present cause, as a father or mother is not bound to give surety for tutorship. *See Moreau's Digest, vol.* 2, *p.* 70, *and the art. of Louisiana Code; act cited.*

The right of commuting mortgages is granted only in respect to tacit or legal mortgages imposed by law on the estate of tutors and curators.

McCALL
*vs.*
MERCIER.

Whether it ex
tends to tutors
who were in of-
fice at the time
of the passage of
the act? *Quere.*

The art. 3308 seems to contemplate a right of change allowed to all kinds of tutors and curators, by substituting a special mortgage, for the general mortgage, which prevails on the whole of their estates. But it is believed that this law is not applicable to the situation of persons who assumed such offices previous to the enactment and promulgation. According to the constitution of the United States, no law can be passed which impairs the obligation of contracts. Our code also declares that, "a law can only prescribe for the future." It can have no retrospective operation, nor can it impair the obligation of contracts; article 8. There is an implied contract on the part of tutors and curators, prudently and honestly to discharge their duty as such; and the law as it stood previous to the provisions above referred to, accorded a general mortgage on all of their property, to secure the interests of those for whom they are bound to act. By accepting the office of tutor or curator, the officer consents to all the obligations imposed on him to secure a faithful discharge of his duties; and to the full extent of these obligations, he is bound to the persons for whom he acts. The right to a general hypotheca-

tion on all his estate is vested in them, which cannot be restricted or lessened without destroying this right *pro tanto*, and thereby impairing the obligation of the contract. This doctrine was more fully developed in the case of *Sabatier & al. against their creditors. See* 6 *Martin, n. s. p.* 585 *and sequel.*

There is, however, no necessity for determining absolutely its applicability to the present case, as we are clearly of opinion, that the judicial mortgage which descended from their mother to the minor children of the plaintiff, is not subjected to be cancelled in the manner attempted in the present instance, by any law on the subject of mortgages.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.