EASTERN DIS.
*February*, 1834.

COMMAGERE *vs.* GALLY ET AL.

COMMAGERE
*vs.*
GALLY ET AL.

APPEAL FROM THE PARISH COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

6L 161
51 1166
51 1167

The prescription of four years, relating to actions of minors against their tutors, is only applicable to accounts rendered by tutors. It relates to acts of a tutor, such as he may do in pursuance of his official power or authority, and such as *would be ratified when legally done. The sale of property made as* belonging to the seller, is not an act of this kind.

The plaintiff alleges he is the son of Pierre Commagère and Françoise Frilonx, both deceased : that his mother died intestate, in 1800; that she had brought in marriage the sum of one thousand four hundred and eleven dollars; that during the marriage, a certain lot of ground was purchased by his parents, which after his mother's death, was sold to Madam Mercier, for eleven thousand two hundred and fifty dollars.

The plaintiff claims on account of his share of his mother's dotal effects, a mortgage on a lot, which he alleges was sold by his father, in fraud of the rights of the minor children of whom the plaintiff was then one.

He claims the rescission of the sale of the lot, because it belonged to the community of acquets and gains, and was sold by his father without having pursued any of the legal formalities. His father died in 1829, having rendered no account of his tutorship.

The present occupant and those under whom he claimed were all made defendants, and judgment prayed against them for the lot of land, with the value of its fruits and revenues.

To this claim, the lapse of four years, since the plaintiff arrived at his majority, was pleaded as a bar against any claim of the plaintiff, arising from his father's administration of his affairs.

The record contains, among other orders, the following:

EASTERN DIS.
Feeruary, 1834.

COMMAGERE
vs.
GALLY ET AL.
"It is ordered by the court, that this defendant be admitted to plead the prescription of ten years.

Judgment was rendered for the defendant on the exception, and the plaintiff appealed.

*Fourchy* and *Magnin*, for plaintiff and appellant.

The prescription of four years, alledged in the defendant's exception, which was the basis of the judgment rendered by the court bolow, is not applicable to this case.

*Lockett*, contra.

MATHEWS, J., delivered the opinion of the court.

This suit is brought by the plaintiff, as heir to his deceased mother, to recover certain real estate, and the annual fruits and profits thereof for many years in arrear; which estate he alleges, was community property belonging to his father and mother at the time of the death of the latter, and was administered and sold by the former as his natural tutor, without pursuing the formalitics required by law, and who died without rendering any account of his administration. The petition is prolix and argumentative in so much, as to render it somewhat difficult, to ascertain clearly the objects of the claimant; but these are prety evident viz: to have the sale made by the plaintiff's father declared null, to recover the property sold, and the fruits and profits, during the time it has been in the possession of the different vendees.

To this action, the prescription of four years is pleaded, as provided in the article 356 of the *La. Code*, which corresponds with the article 77, found in the *Old Code*, *p.* 72. This plea was supported by the court below. The plaintiff appealed.

These articles of our code, are similar to the article 475 of the *Code Napoléon*, except that the prescription established by the *French Code*, is ten years. A prescription of this nature, according to the jurisprudence of France, is perhaps only applicable to accounts rendered by tutors. It

EASTERN DIS.
February, 1834.

COMMAGERE
vs.
GALLY ET AL.

relates to acts of a tutor, such as he may do in pursuance of his official power or authority, and such as would be ratified when legally done.  See *Pailliet's Note*, on the article cited from the *Code Français*.  The decisions of this court, in relation to the prescription of four years, against the pursuit of minors, after having arrived at the age of majority, touching the acts of their tutors, have established principles, in accordance with those which seem to prevail under the provisions of the *French Code*.  The acts spoken of, are acts of tutorship and the sale of property made, as belonging to the seller, can never be considered as an act of this kind.  Whether the prescriptions of ten, twenty and thirty years might have been pleaded, and would have prevailed, cannot be inquired into; for they have not been regularly pleaded either in the appellate court, or that of the first instance.  No other prescription except that of four years, which relates to the actions of minors against their tutors, seems to be relied on by the defendants, which we are of opinion is not applicable to a case like the present.  See *Martin's Rep., vol.* 8, *p.* 619. 10 *do., p.* 287 *and* 1 *N. S., p.* 334.

Believing, as we do, that the court below erred, in sustaining the exception of prescription, as pleaded by the defendants.

It is ordered, adjudged and decreed, that the judgment of the Parish Court, be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the cause be sent back to said court, to be proceded in *de novo,* according to law.  The appellees to pay uosts of this appeal.

*The prescription of four years, relating to actions of minors against their tutors, is only applicable to accounts rendered by tutors.  It relates to acts of a tutor, such as he may do in pursuance of his official power or authority, and such as would be ratified when legally done. The sale of property made as belonging to the seller, is not an act of this kind.*