## No. 624.

### F. L. BRIDGES vs. A. C. SIMONTON.

It is satisfactorily shown that the father of plaintiff received of his wife, plaintiff's mother, now dead, paraphernal property amounting to seventeen hundred dollars, to secure the restitution of which she had a mortgage, which right of mortgage is inherited by her child.

Defendant can not compensate the debt due by plaintiff's father to her mother by charging plaintiff with the expenses incident to her board, education, etc. If compensation could be pleaded in such a case, still the law prohibits the tutor from expending more than the revenues arising from the minor's estate, except with the authority of a family meeting, sanctioned by the judge, of which there is nothing in this record.

APPEAL from the Eleventh Judicial District Court, parish of Lincoln. *Trimble, J. J. C. Egan* and *A. Barksdale & Smith*, for plaintiff and appellant. *E. H. Graham*, for defendant and appellee.

MORGAN, J. Plaintiff is the daughter of Doctor and Mrs. Quinn. Doctor and Mrs. Quinn were married, and lived in Louisiana. They are both dead, Mrs. Quinn having died when plaintiff was about one year old.

The evidence, we think, shows that during the marriage Dr. Quinn received paraphernal funds belonging to his wife amounting to seventeen hundred dollars. To secure the return of her paraphernal funds the wife had a legal mortgage upon the property of her husband. Her child inherited this right. The claim of the child was recorded prior to the first of January, 1870.

The husband sold a piece of property upon which the wife's legal mortgage rested. This property is now in the possession of the defendant. She has obtained judgment against the succession of her father for the amount of her claim. This judgment has only been partially satisfied. She seeks to make the property held by the defendant, upon which she alleges the legal mortgage established in favor of her mother exists, responsible for the amount which remains due.

Defendant denies that the amount claimed to have gone into the hands of the plaintiff's father was ever received by him; denies the existence of any mortgage, and avers that, if any mortgage ever existed in her favor, it does not now exist; he avers that the father of plaintiff boarded,

clothed, and educated her during a period of thirteen years; that no settlement was ever had between them, and that her expenses largely exceeded the amount received by him from her mother, and he claims that as the money was expended the mortgage which its receipt by the husband created was destroyed. He avers that the land which he holds was purchased by plaintiff's father from one Wafer, who had a legal title to only one undivided half interest in the same, and that, therefore, in no event is the plaintiff entitled to a mortgage upon more than one undivided half interest in said land. He avers that he is possessor in good faith; that he has placed upon the same valuable improvements; and he claims, should judgment be rendered in favor of the plaintiff, that it should only be extended to one half of the land, and that it be decreed to be sold subject to his claims for improvements.

We have already stated that, in our opinion, it was satisfactorily shown that Quinn received of his wife paraphernal property amounting to seventeen hundred dollars, to secure the restitution of which she had a mortgage, which right of mortgage was inherited by her child. We do not think that the defendant can compensate the debt due by the plaintiff's father to her mother, by charging plaintiff with the expenses incident to her board, education, etc. If compensation could be pleaded in such a case, still the law prohibits the tutor from expending more than the revenues arising from the minor's estate, except with the authority of a family meeting, sanctioned by the judge, of which there is nothing in this record. The evidence does not support the allegation in the answer that the title which he obtained through the plaintiff's father was not a valid title for any portion thereof.

Defendant is a possessor in good faith, and is entitled to be paid the value of his improvements. But what that value is we can not determine, as there is no evidence in the record upon the subject. The case will have to be remanded in order that their value be ascertained.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed. And it is further ordered that plaintiff do have and recover judgment against the defendant, recognizing her right of mortgage upon the property described in her petition for the sum of seventeen hundred and fifty dollars, with five per cent interest from the first of January, 1871, until paid, subject to a credit of twelve hundred and fifty dollars. And it is further ordered, adjudged, and decreed that the case be remanded for the purpose of ascertaining the value of the improvements placed by the defendant on the property now declared subject to plaintiff's mortgage, and that should the property be sold in execution of this judgment, the value of the said improvements, to be ascertained as above set forth, be first paid to him. It is further ordered that defendant pay the costs in both courts.