## No. 8729.

HENRY F. LUDOWIG ET AL. VS. MRS. BENOIT J. LUDOWIG WEBER ET ALS.

| | |
|---|---|
| 35 | 579 |
| 51 | 1167 |

| | |
|---|---|
| 35 | 579 |
| 123 | 156 |
| 123 | 157 |

The heirs of a deceased, who had disposed by testament of his share of the community, cannot recover a moneyed judgment against their mother and tutrix for community property adjudicated to her at the price of appraisement, and for revenue of community property realized during the minority of her children. Her right to receive their shares of the revenue and to administer their property rested exclusively on her tutorship, being deprived, under the terms of the will, of the right of usufruct of their share of the community. Under these circumstances, the only right of action of her children against her is for an account of tutorship.

For the revenue which she may realize from the succession property after the age of majority of her children, she is accountable only as a joint owner in possession of the whole property thus held in indivision.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

---

*Fred. D. King* and *Henry C. Miller* for Plaintiffs and Appellants:

The demand for the partition of real property held in community between the mother and her children the father having made a will disposing of his share in the community, carries with it as an incident her accountability for rents and revenues and the settlement of accounts arising from the joint ownership. King vs. Wartelle, 14 An. 750; Gosselin vs. Abatt, 3 L. 549; Dickson vs. Dickson, 33 An. 1374; Aitken vs. Ogilvie, 12 An. 354.

The adjudication of community property to the surviving spouse, under Art. 343 (338) of the Civil Code, is a species of sale, by which she became liable for their share of the price of adjudication. Winter vs. N. Y. Warehouse Co., 25 An. 615; Succession of Robinson, 23 An. 17.

The mother is liable to her children for their portions, under the will of their father, of movable property of the community which she received and used. Dickson vs. Dickson, 33 An. 1374.

The action of the children against their mother for a partition of the real estate held in common, for their share of the price of adjudication of the common property adjudicated to her, and for their share of the movable property of the community received and used by her, may be united in one demand. C. P. Arts. 151, 148; C. C. Arts. 1304, 1231, 1271, 1272, 1027.

Such a demand is not barred by the prescription of four years; nor does any prescription run against the action for a partition as long as the real estate is held in common. Chapman vs. Woodward, 16 An. 170; King vs. Wartelle, 14 An. 750; Aitken vs. Ogilvie, 12 An. 354; Gosselin vs. Abatt, 3 L. 549; 5 N. S. 150; 6 M. 281 and 411; 13 An. 609.

*J. Q. A. Fellows* and *A. Voorhies* for Defendants and Appellees.

*Gibson, Hall & Montgomery* for the Under-tutor.

---

The opinion of the Court was delivered by

POCHÉ, J. The facts of this case are as follows: John Ludowig died on December 30, 1868, leaving the defendant as surviving widow, and four minor heirs, issue of their marriage, to-wit: Henry F., Frederick E., Gustave A. and William L. Ludowig. He left a will in which he bequeathed his property in equal shares to his wife and children, and made the former his executrix.

The inventory of the community property amounted to $94,359.56, and the debts to $36,592.44. On the recommendation of a family meeting, a stock of goods, forming part of the inventory, was adjudicated at its appraised value, $32,313.32, to the surviving widow, who had in the meantime been confirmed and qualified as executrix of the succession, and as tutrix of her minor children. She retained possession of all the other property, movable and immovable, depending upon the succession and community.

In January, 1870, the widow contracted a second marriage, and became the wife of her present husband, Anthony Weber, having been previously retained, according to law, in the tutorship of her minor children.

Henry Ludowig became of age on October 24, 1872; Frederick, on the 11th of September, 1874, and Gustave was emancipated on December 22, 1879.

They bring this suit against their mother for a partition of the immovable property of the succession, and of such movable property as remains in kind; and for a moneyed judgment against her for their shares of the price of adjudication of the stock of goods adjudicated to her in November, 1869, and for their shares of the revenue derived

from the succession property. For the purpose of a partition their minor brother is made a party defendant.

By way of exception and in her answer, the defendant urges that plaintiffs' demand wrongfully cumulates an action for partition with an action for a moneyed judgment, and she denies to have collected the revenues of the property, which have been collected by Weber since her marriage with him ; and she pleads the prescription of four years, if the suit be construed to be for an account of tutorship. The judgment appealed from by plaintiffs ordered the partition as prayed for, and rejected their demand in all other particulars.

The action, except the feature of the partition, is avowedly for a moneyed judgment against the defendant for four-tenths of the price of the goods adjudicated to her at the price of appraisement, and of all moneys or revenue realized by her from the residue of the property. Hence, it does not purport to be an action for an account of tutorship.

But under the facts and proceedings disclosed by the record, are the plaintiffs entitled to any other action against their mother for moneys or revenue realized by her during their minority ?

Under the terms of the will, the husband had disposed of his share in the community, one-fifth of which accrued to his wife, and one fifth to each of his four children. Hence, the mother was not entitled to the usufruct of the share of the community which accrued to her children. Forstall vs. Durel, 28 An., not reported. It therefore follows, that during their minority her right to administer their property rested exclusively on her tutorship, and that all acts performed by her in their behalf, as well as moneys received by her for their account, were done and received in her capacity of tutrix.

It is, therefore, clear and safe to conclude that the only account which she owes to her children, for all acts performed by her affecting their property or interests before their becoming of age, is an account of tutorship, and that on this branch of the case they cannot recover in their present form of action. Gilbert vs. Merriam, 2 An. 160, and authorities therein cited.

Now, as the mother had not the usufruct of her children's share in the community, it follows that, on their becoming of age, each heir became joint and undivided owner with her of all the property derived from the succession, with the right in law of demanding and being placed in possession of their respective shares. As they allowed their mother to remain in possession of all the property, her obligation towards them was that of an ordinary joint owner in possession of the whole property thus held in indivision. She was not accountable for any revenue received by her not exceeding her share of

the property.   Balfour vs. Balfour, 33 An. 299; Becnel vs. Becnel, 23 An. 150.

But the record shows that, during that time, that is from the date of her marriage with Weber, she has received no. revenue, all of which has been collected and appropriated exclusively by said Weber, her husband, and that a suit is now pending between them involving her right to recover said revenues from her husband.

Either in reason or in law she cannot be held to return what she has not received.   The judgment of the District Judge, supported by a carefully and well prepared opinion, is correct and must not be disturbed.

Judgment affirmed.

Rehearing refused.

Bermudez, C. J., recuses himself, having been of counsel.