No. 9908.

ELLA D. GALLION ET AL. VS. JAMES E. KEEGAN, ADMINISTRATOR.

The petition in this case exhibits an action by a former minor arrived at the age of majority
    against the succession of a deceased tutor, to recover an amount alleged to be due by
    him in virtue of his gestion as tutor.

As such, it stands in the same position as if the tutor were alive and the action were directed
    against him.

More than four years having elapsed after the majority of plaintiff before the suit was
    brought, the plea of prescription of four years is sustained.

APPEAL from the Eleventh District Court, Parish of Natchitoches.
    *Pierson*, J.

*W. R. Rutland* for Plaintiff and Appellee.

*W. H. Jack* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.    A careful scrutiny of the petition filed by plaintiff in
this case, satisfies us that it is an action brought by her against the
administrator of the succession of her former tutor to recover judg-
ment for an amount due her by said tutor on account of property and
funds received by him in that capacity and never accounted for.

Plaintiff was the sole heir of her father, Dewitt Iverson Ellzey, who
died in 1860. She avers that her grandfather, Wm. Ellzey, caused her
father's succession to be opened, and was appointed and qualified as
administrator thereof, and caused an inventory to be taken showing
property to the value of $7,823; that, after the death of her mother,
which occurred in 1862, her said grandfather "was duly appointed
tutor to your petitioner, who was then a minor, and he qualified as
such, and he caused an inventory to be taken of all the property be-
longing to her, which was worth its appraised value say $8,418.10, and
that, as such tutor, he took possession of said property and held it
under his own control until his death, which occurred about January,
1866."

She then avers that Keegan was qualified as administrator of the
succession of her said grandfather and former tutor, and has been and
still is acting as such administrator; that "he refuses to pay her the
balance due her by her former tutor, say $8,418.10, less a credit of
$1,600 paid in 1867. *    * She avers that she has demanded of said
administrator the payment of this amount and that he refuses to
pay the same, and she has also demanded that he allow the said
claim which he refuses to do, and that he also refuses to file an ac-
count as administrator of said successions in which she might force

him to tabulate her said claim. She avers that she is now a major and has been long since emancipated by marriage, and has a right to be paid the balance due her by her former tutor out of his succession or estate which is in the hands of his said administrator, J. E. Keegan, but that she has failed to get him to do so after amicable demand, and he also refuses to tabulate her claim;" and she prays for judgment against him for the sum claimed.

The foregoing extracts sufficiently establish the true nature of the suit to be an action against the administrator of a deceased tutor to recover an amount due by him in virtue of his gestion.

It is, in no respect, different from what the action would have been if the tutor were alive and the action were directed against him.

Amongst numerous defences, the defendant pleads the prescription of four years under Art. 362 of the Civil Code, providing : "The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority."

Plaintiff was born in December, 1858; became of age in December, 1879 ; and this action was only filed on November 8, 1884.

The evidence conclusively shows that the defendant administrator never received possession of any property belonging to the minor.

The inventory of the minor's estate shows that it consisted of four items, viz : 1st., lands; 2d., slaves ; 3d., two beds and bedding; 4th., certain notes and accounts appraised at $2,618.

It is shown that the plaintiff is in possession of the lands and furniture ; and the slaves, of course, were disposed of by emancipation.

Nothing remains to be accounted for but the notes and accounts. One of these notes was that of her grandmother, and on his death-bed her grandfather placed, in a sack, the amount thereof in gold, and gave it to her aunt to be kept for plaintiff, and it was actually paid over to her guardian subsequently appointed in the State of Mississippi, whither she afterwards removed.

Another payment on account of another note was made to the same guardian. What became of the remaining notes and accounts is not made certain, but the evidence makes it probable that they were collected in Confederate money during the war. It is shown that the defendant administrator never received or had anything to do with them.

It may be that the deceased tutor was bound to account for these credits and that, if he collected them in Confederate money, such receipt would not have discharged him.

But the plaintiff's action respecting these " acts of the tutorship "

comes too late and is clearly barred by the prescription pleaded. Cochran vs. Violet, 37 Ann. 223 ; Bedell vs. Calder, Id. 805.

We find nothing in the receipts above referred to or in the other receipts for sums paid plaintiff as one of the *heirs* of William and Esther Elzey, acknowledging the claim herein set up or otherwise interrupting or suspending this prescription which only began to run after plaintiff's majority and is only interrupted by acts after that date as held in the case first above quoted.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be now amended by reversing and annulling that part thereof which gave judgment in favor of plaintiff's principal demand, as to which it is now decreed that the same be rejected ; and as to the reconventional demand, said judgment is affirmed.   Costs of the lower court on the principal demand to be paid by plaintiff, and those of the reconventional demand by defendant, and costs of this appeal to be paid by plaintiff.