SARTAIN, Judge.
The plaintiff herein seeks to recover the value of certain property from her father, the defendant, on the basis of his alleged mismanagement or conversion, as her tutor, of her estate following her mother’s death. The defendant raised a peremptory exception of prescription, which was sustained by the lower court, and plaintiff has taken this appeal.
The lower court concluded that the nature and substance of the alleged acts of mismanagement or conversion were “acts of the tutorship” within the meaning and scope of La.Civil Code, Art. 340, which reads as follows:
“Art. 340. Prescription of minor’s action against tutor
Art. 340. The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority.”
Inasmuch as plaintiff instituted this action more than four years after reaching the age of majority, the lower court found that the prescriptive period was applicable and had expired.
We affirm that judgment sustaining defendant’s exception of prescription.
Plaintiff’s petition alleges that plaintiff’s mother died in 1945, when plaintiff was six years old, and defendant was appointed her natural tutor. As her mother’s sole heir, plaintiff received her inheritance, which included corporeal and incorporeal movables and cash. Later, during the existence of the tutorship, the defendant accepted for plaintiff a compromise settlement of $2,000.00 as a result of judgment in her favor for personal injuries. Still later, defendant received for her the succession of her maternal grandfather, Jacob J. Cline, which included movables and cash. No annual or final accounting was ever made by the defendant during or at the expiration of the tutorship.
Without itemizing those assets or estimating their aggregate value, plaintiff contends that defendant exhausted the assets, both capital and revenue derived therefrom, without complying with the formalities required by law and he is thus liable to her for a sum representing the value of those assets as a result of his alleged mismanagement or conversion. There is no complaint, incidentally, of illegal or unauthorized disposition of immovable property. Nor does plaintiff contend that this action is a demand for an accounting, which action is admittedly barred by the prescriptive period of La.Civil Code, Art. 340. It is in fact plaintiff’s contention that the action for an accounting, or to question an accounting, is the only action barred after four years by Art. 340, since it is a libera-tive prescription for the discharge of any debt of the tutor to his ward and because of the place of the Article in the scheme of the Civil Code, that is, immediately following a series of Articles relative to the requirement of an accounting. On the other hand, plaintiff contends, acts which exhaust the minor’s assets without legal authorization or compliance with the legal formalities designed for the minor’s protection are null and void and the tutor’s liability therefor is not subject to the four year prescription.
The petition is styled as an action for revendication of movables yet the prayer for relief asks for a sum representing the value of the assets wrongfully expended by the defendant, apparently on the theory that, since mostly cash was involved, a dollar is a dollar and it is immaterial to an action for. revendication that the defendant does not have the same currency that he originally received for the plaintiff. He can replace it with other money. The defendant responds that he in *907 fact never sold any movables and that, even if he had, the plaintiff’s action in re-vendication would necessarily be against the person in possession of the specific movables. Admitting the unauthorized expenditure of the cash, defendant contends that this does not amount to a “sale” of plaintiff’s property and recovery of a like amount from other funds of the defendant may not be had on the theory of revendication, citing Witson v. Staring, 175 So. 495 (1st La.App., 1937), which holds that, although a sum of money in a specially earmarked fund or which is otherwise specifically identifiable may be recovered, where the money “has been dissipated and the claimant has to seek its restoration from some other funds in the hands of the one from whom he is claiming * * * then we say undoubtedly that the action in re-vendication does not apply * * 175 So. at 498.
We agree that the revendicatory action, by definition, involves a claim by one party for specific and identifiable property retained by or in the possession of another party. In seeking a sum of money representing the value of expended cash or deteriorated movables, plaintiff’s action does not meet that requirement of an action in revendication. Thus, the contention that the action in revendication is not barred by four year prescription need not be decided here. See Weinmann, Extension of a Minor’s Rights Beyond Majority: Article 362 of the Louisiana Civil Code of 1870, 28 Tulane Law Review 118 (1953). Likewise, prior decisions which have allowed recovery in such an action of specific property in the hands of another are not controlling in the instant case. See Gayoso de Lemos v. Garcia, 1 Mart.N.S. 324 (1823); Com-magere v. Gaily, 6 La. 161 (Orleans, 1834), in which the tutor had sold the minor’s property as his own and the action for rescission was against those in possession. In addition, the strong language in these and other early cases, relative to the protection of a minor’s rights, must yield to the Supreme Court’s holding in 1899 in Succession of Kidd, 51 La.Ann. 1157, 26 So. 74 (1899).
Plaintiff contends that any dispositions of a minor’s assets by the tutor who has not complied with the required formalities are not “acts of tutorship” and are considered null and void, of no legal effect and the liability therefor is imprescriptable. This, however, was not the view of the Supreme Court in Succession of Kidd, supra. The facts in that case, relative to the issue before us now, are nearly identical to those in the instant case. In that case, James I. Kidd, as tutor for his minor son Ernest, had appropriated to his own use and invested in his own businesses a great deal of money belonging to his son as a result of inheritances from the son’s mother, maternal grandfather and maternal uncle. All of these assets had been received by the tutor for his son. The tutor never rendered a final accounting. More than four years after the son had reached majority, his father died and the son entered two claims against the succession. One was a claim that his father had owed his mother’s succession a certain amount as restitution for her separate property which she had contributed to the benefit of the community and which right had passed to him by inheritance. The second claim was for the wrongful and unauthorized conversion and expenditure of the son’s inherited assets by his father during the existence of the tutorship.
In distinguishing these claims and in determining the applicability of the four year prescription to the wrongful acts of the tutor, the Supreme Court held that the receiving of inherited property by the tutor for the minor and the expenditure of such assets, without complying with the required legal formalities, were “acts of the tutorship” within the meaning of the Civil Code and held that the four year prescription applied to that claim) but not to the claim for restitution of separate property which was not related to the tutorship:
“It is contended that, James I. Kidd having been appointed tutor of his son Er *908 nest after his mother’s death, the was restricted in his remedy to an action for an account of tutorship; that he was not authorized to bring-, as he was doing, a direct action or claim against the succession of his father, as being his debtor for the amount of moneys belonging him which had gone into his hands, with interest. That position is not correct,.so far as the indebtedness of the father the son arose from the latter’s inheriting from his mother’s succession a debt due to her by her husband for paraphernal funds of hers received by him, and converted to his own use, during his marriage. A debt of the husband to the wife, so transmitted to the son as the heir of his mother, retains its separate, independent character, and is not merged, by reason of the father’s qualifying as the minor’s tutor after the mother’s death, into the tutorship liability for funds and property, belonging to his ward, received by him during the tutorship. It is not held, by a fiction, to have been paid by himself as husband over to himself as tutor, and held as such. When the minor reaches the age of majority, he is not required to obtain the recognition and the enforcement of such a claim through an action of account; nor is a claim of that character covered by the four-years prescription of article 362 of the Revised Civil Code. He has the right to proceed upon it by direct action. This has been repeatedly held. Zeigler v. Creditors, 49 La.Ann. 144, 145, 21 South. 666; Pertuit v. Da-mare, 50 La.Ann. 893, 24 So. 681; Gayo-so de Lemos v. Garcia, 1 Mart. (N.S.) 334; McCall v. Mercier, 1 La. 343, 347; Cambre v. Grabert, 31 La.Ann. 533, 535; Bridges v. Simonton, 28 La.Ann. 830; Commagere v. Gaily, 6 La. 161, 163.
The claims for amounts received by the tutor for the minor during the tutorship stand on a different footing. That claim has to be advanced and urged through an action for an account, and, if that account is barred by the four-years prescription, the claim itself is lost. It is the necessity of having recourse to the particular method of proceeding, by action of account, and the loss of the same by nonaction, which controls the situation. Ludowig v. Weber, 35 La.Ann. 579, 581; Commagere v. Gaily, 6 La. 163; Cochran v. Violet, 37 La.Ann. 221, 224, 225; Bedell v. Calder, Id. 805, 809; Gallion v. Keegan, 39 La.Ann. 468, 2 So. 50.
******
The evidence satisfies us that J. I. Kidd was appointed and qualified as tutor of the minor Ernest after the death of his mother, and that he received in that capacity, for appellant, the various amounts which were received by him after his wife’s death. The prescription of four years bars recovery for those claims. That prescription, as we have said, would not have barred recovery of moneys of paraphernal funds of the wife received by the husband during the marriage, had the existence of claims to the extent asserted been satisfactorily • shown; but, that fact has not been so shown.” 26 So. at 77-78.
We see no reason for not applying the holding of the Supreme Court in the Succession of Kidd to the instant case. There can be no confusion as to what the court said, for the following year the court had occasion to review another aspect of the same case which had been remanded. In recapitulating the holdings of the first decision, the court again distinguished between the two claims of Ernest Kidd:
“It was there further held that the debts of the husband to the wife of a former marriage for paraphernal funds and property received and used by him during the marriage, transmitted to her son as heir of his dead mother, retains its separate, independent character, and is not merged into the father’s tutorship liability for funds and property belonging to his ward; that there was no legal *909 fiction justifying the assumption that the paraphernal debt had been paid by himself as husband over to himself as tutor; that when the minor reaches the age of majority he is not required to obtain the recognition and enforcement of such claim through an action for an accounting; and that a claim of that character is not barred by the prescription of four years, to which claims for amounts received by a tutor for his ward during the tutorship is subject.” 28 So. at 354.
Plaintiff’s remaining contention is that the scope of the “acts of the tutorship” contemplated by Art. 340 should be determined by referring to its position in the scheme of the Civil Code. While the soundness of such technique in interpretation is not questioned, the argument is not persuasive in this instance. Before much of the material relative to the administration of the tutor was transferred to the Code of Civil Procedure, Civil Code, Article 362 provided for the four year prescription. It was the last Article in Section 11 (Of the Administration of the Tutor) of Chapter 1 (Of Tutorship) of Title VIII of Book I. Section 11 consisted of Articles 336 through 362. These Articles covered all aspects of the tutor’s administration from its commencement through the final accounting. There is no reason to believe that the last Article in Section 11 was intended to apply to only some Articles and not others in the Section. Rather, there is every reason to believe that it was intended to apply to all.
For the foregoing reasons, the judgment of the lower court, sustaining the exception of prescription as to the claim against defendant for alleged wrongful acts of tutorship, is affirmed, at plaintiff-appellant’s costs.
Affirmed.