MORIAL, Judge.
This is an appeal from a judgment dismissing plaintiff’s petition for annual ac-countings and a final account on an exception of prescription based on LSA-C.C. Article 340, which provides:
“The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority.”
Plaintiff-appellant, Alberta Mary Forest Jarreau, is the widow and duly qualified administratrix and tutrix in the Succession of Jacques David Jarreau,[1] the former minor in this succession.
Plaintiff in her petition filed on November 9, 1972, alleges certain irregularities and violations of several provisions of the Code of Civil Procedure.[2] She prays for *889 annual accountings from 1951 to 1972 and for a final account.[3] In the alternative she seeks money damages under the Prudent Administrator Rule.[4]
*890 The undisputed facts essential to the determination of this appeal are as follows: Jacques David Jarreau was born May 26, 1942 and adopted by Eulalie Ettinger, wife of/and Jacques A. Jarreau. After the death of his father, Jacques A. Jarreau, in Biloxi, Mississippi on April 2, 1951 this succession was opened on April 11, 1951 in the Civil District Court for the Parish of Orleans.[5] On September 6, 1951 Mrs. Eu-lalie Ettinger Jarreau, appellee, was appointed, qualified, and issued Letters - of Tutorship as natural tutrix of the minor, Jacques David Jarreau. Thereafter, on October 11, 1951 a Judgment of Possession was signed under which Jacques David Jarreau became the naked owner of his father’s interest in this succession subject to the usufruct of the appellee. Pursuant to a petition filed in this succession and upon complying with requisites of the law, the minor’s interest was sold at private sale and a bond with good and solvent surety was substituted for the general mortgage. On May 26, 1963 Jacques David Jarreau became twenty-one years of age and a major. He died on May 14, 1972, thereafter his succession was opened. -
Finding no error in the judgment below we affirm.
Plaintiff-appellant argues that LSA-C.C. Article 340 (formerly Article 362) is not applicable; that flagrant violations of the Civil Code (though no articles of the Civil Code are cited by plaintiff-appellant in petition or brief)[6] and Code of Civil Procedure do not come within the purview of “acts of tutorship” because under LSA-C. C. Article 340 only “legally done” acts are prescribed. Plaintiff-appellant further contends that this is not an action of the minor against the tutor but an application of an “interested party”. LSA-C.C.P. Article 4391. Further, plaintiff-appellant urges that this court disregard the decision in Succession of Kidd, 51 La.Ann. 1157, 26 So. 74 (1899).
We find no merit in the appellant’s argument of inapplicability. The tutorship of a minor normally ends but in one way —the attainment of majority. LSA-C.C. Article 340 extends the right of the former minor to an examination into the acts of tutorship for four years beyond majority. The facts here are within the application of LSA-C.C. Article 340.
A prerequisite for any claim by the former minor is an action against the tutor for an accounting. No absolute duty is imposed upon the tutor to file an account after the expiration of the tutorship. A tutor must do so only after an order of court upon the application of the former minor. LSA-C.C.P. Article 4392. This action for an accounting is barred after four years from the date the minor reaches majority. Gallien v. Keegan, 39 La.Ann. 468, 2 So. 50; Rhodes v. Cooper, 113 La. 600, 37 So. 527; Melancon v. Melancon, La.App., 244 So.2d 905, writ denied, 258 La. 365, 246 So.2d 684; See: Weinmann, John G., Extension of a Minor’s Rights Beyond Majority: Article 362 of the Louisiana Civil Code of 1870, 28 Tulane Law Review 118 (1953).
Appellant, the administratrix of Jacques David Jarreau’s succession and the tutrix of his children, is an “interested person” or party in interest. LSA-C.C.P. Article 4391. Nonetheless, any rights granted to an “interested person” within the confines of LSA-C.C.P. Article 4391 are to be asserted during the tutorship or within the prescriptive period of LSA-C.C. Article 340 and no later.
Within the term “acts of tutorship” there is no distinction in the character of acts performed by a tutor. The term is all inclusive. Alleged acts of mismanagement and conversion; alleged acts of exhaustion of the minor’s assets without legal authorization or compliance with the legal formalities for the minor’s protection are all time *891 barred by LSA-C.C. Article 340. Succession of Kidd, supra; Melancon v. Melancon supra.
Only the rights of the former minor, Jacques David Jarreau, in existence at the time of his death could become a part of his succession. LSA-C.C. Articles 871-874. The former minor’s right against appellee to an accounting for the acts of tutorship had prescribed on May 26, 1967. At the time of Jacques David Jarreau’s death on May 14, 1972 the right to an accounting was not in existence. Therefore, the former minor’s succession representative or heirs having no greater rights than the former minor, have no right to an accounting for the acts of tutorship.
A review of this record reveals that in the acts of tutorship the natural tutrix complied with the Code of Civil Procedure.
Judgment affirmed at appellant’s costs.
Affirmed.

. Proceedings No. 146-377, Twenty-fourth Judicial District Court, Parish of Jefferson.

. LSA-C.C.P. Article 3222:
“A succession representative shall deposit all moneys collected by him as soon as received, *889 in a bank account in bis official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
“On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable or alf* special damage suffered, and may be dismissed from office.”
LSA-C.C.P. Article 3321:
“When a succession is sufficiently solvent, the surviving spouse, heirs, or legatees shall be entitled to a reasonable periodic allowance in money for their maintenance during the period of administration, if the court concludes that such an allowance is necessary, provided the sums so advanced to the spouse, heirs, or legatees are within the amount eventually due them. Such payments shall be charged to the share of the person receiving them.
“A surviving spouse, heir, or legatee may compel the payment of an allowance during the administration by contradictory motion against the succession representative. “Notice of the filing of a petition for authority to pay an allowance, or of a contradictory motion to compel the payment of an allowance, shall be published once in the manner provided by law. The notice shall state that any opposition must be filed within ten days from the date of publication.”
LSA-C.C.P. Article 4136:
“Any tutor who desires to give bond or security and thus release from an existing general or special mortgage the whole or a portion of the property covered thereby may do so with the approval of the court as provided in Article 4271, provided the bond or security tendered fully protects the minor.
“Any of the securities enumerated in Articles 4132 and 4133 may be substituted at any time either in whole or in part for any other kind, at the option of the tutor, and with the approval of the court as provided in Article 4271, which shall enter the necessary order to render the substitutions effective. If other security has been furnished instead of a general mortgage, the tutor may not revert to a general mortgage.
“When a bond or security is substituted only in part for the general or special mortgage, the amount thereof may be proportionately smaller based on the value of the property to be released from mortgage.”
LSA-C.C.P. Article 4270:
“An investment of funds of a minor may be made or changed only with the approval of the court after compliance with Article 4271.”
LSA-C.C.P. Article 4271:
“The tutor shall file a petition setting forth the subject matter to be determined affecting the minor’s interest, with his recommendations and the reasons therefor, and with a written concurrence by the undertutor. If the court approves the recommendations, it shall render a judgment of homologation. The court may require evidence prior to approving the recommendations.
“If the undertutor fails to concur in the tutor’s recommendations, the tutor shall proceed by contradictory motion against him. After such hearing and evidence as the court may require, the court shall decide the issues summarily and render judgment.”

. LSA-C.C.P. Article 4391:
“A tutor shall file an account annually, reckoning from the day of his appointment, and at any other time when ordered by the court on its own motion or on the application of any interested person.”
LSA-C.C.P. Article 4392:
“A tutor may file a final account at any time after expiration of the tutorship.
“The court shall order the filing of a final account upon the application of the former minor after the expiration of the tutorship, or upon the rendition of a judgment ordering the removal of a tutor or authorizing his resignation.”

. LSA-C.C.P. Article 4269 :
“In acquiring, investing, reinvesting, exchanging, retaining, selling, and managing property for the benefit of a minor, a tutor shall exercise the judgment and care, under the circumstances then prevailing, which men of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income ns well as the probable safety of their capital. Within the limitations of the foregoing standard, a tutor is authorized to acquire and retain every kind of property and every kind of investment, specifically including but not by way of limitation, bonds, debentures, and other corporate obligations, and stocks, preferred or common, and securities of any open-end or closed-end management type investment company or investment trust registered under 15 U.S.C. §§ 80a-l through 80a-52, as from time to time amended, which men of prudence, discretion, and intelligence acquire or retain for their own account.”

. Proceedings No. 304-797

. La.Acts 1960, No. 30, § 2 repealed several procedural articles of the Civil Code relating to tutorship and replaced them with articles of the Code of Civil Procedure, La.Acts 1960, No. 15.