| MARGARETE WABNIG | * | NO. 2020-CA-0520 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| THE ESTATE OF GERTRUDE | * | |
| MARIA WABNIG, NORBERT | | FOURTH CIRCUIT |
| WABNIG AND PAUL F. | * | |
| WABNIG | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11383, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge

* * * * * *

**Judge Rosemary Ledet**

* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Regina Bartholomew-Woods)

Connie P. Trieu
TRIEU LAW, LLC
1800 Carol Sue Avenue, Suite 7
Gretna, LA 70056

      COUNSEL FOR PLAINTIFF/APPELLANT

Gilbert R. Buras, Jr.
ATTORNEY AT LAW
710 Carondelet Street
New Orleans, LA 70130

Leonard L. Levenson
Christian W. Helmke
Colleen Boyle Gannon
Donna R. Barrios
LEONARD L. LEVENSON & ASSOCIATES
650 Poydras Street, Suite 2750
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPELLEES

      **AFFIRMED; FRIVOLOUS APPEAL
      DAMAGES DENIED**

      **April 21, 2021**

This is a suit for damages arising out of two successions. The Appellant—Margarete Wabnig ("Ms. Wabnig")—appeals the trial court's judgment granting an exception of prescription filed by the Appellees—the Estate of Gertrude Maria Wabnig and Norbert Wabnig—and, thus, dismissing the causes of action against them.[1] The Appellees answered the appeal, seeking frivolous appeal damages. For the reasons that follow, we affirm the trial court's judgment and deny the Appellees' request for frivolous appeal damages.

## BACKGROUND

Paul K. Wabnig ("Father") and Gertrude Maria Wabnig ("Mother") married in 1951. Three children—Norbert, Paul, and Ms. Wabnig (collectively, the "Children")—were born of the marriage. In 1959, Father died testate. In his will, he donated his interest in the marital community and his separate property to the Children, equally, and conferred on Mother a usufruct over the entirety of his estate. A succession was opened, and a judgment of possession was entered in 1960.[2]

---

[1] The Appellees separately filed exceptions of prescription. For ease of discussion, we refer to the Appellees' exceptions of prescription as a single exception.

[2] *Succession of Paul K. Wabnig*, Civil District Court No. 369-183, Div. "C".

Because, at the time of Father's death, the Children were minors, Mother was appointed the Children's natural tutrix. In 2010, Mother died testate. In her will, Mother donated her entire estate to the Children, equally. A succession was opened and remains pending.[3]

On October 29, 2019, Ms. Wabnig commenced this case by filing a pleading styled a "Petition for Damages." In essence, the petition sets forth the following allegations:

- That when Ms. Wabnig reached the age of majority in 1976, Mother failed to place her in possession of her legacy from Father and instead falsely informed Ms. Wabnig that Father had donated his entire estate to Mother;

- That in the following years, Mother made various *inter vivos* donations to Norbert and Paul, thus reducing Ms. Wabnig's legacy from Father;

- That Mother conferred on Paul a power of attorney and that, under that authority, Paul made additional *inter vivos* donations to himself and Norbert of property held by Mother, further reducing Ms. Wabnig's legacy from Father; and

- That, like Mother, Norbert and Paul concealed from Ms. Wabnig the existence of her legacy from Father.

In light of these allegations, the petition asserts that Mother's succession "is responsible to [Ms. Wabnig] for any damages [for] fraudulently concealing her legitime, failing to account, failing to render her legitime at the termination of the usufruct, failing to render her legitime at the termination of her minority, breach of fiduciary duty and conversion of her legitime." The petition further asserts that Norbert and Paul "are both liable unto [Ms. Wabnig] for damages as they actively concealed her legitime from her, for years while they self-dealt, in an attempt to get more-than-their fair share of each of their Father's and [Mother's] estates." The petition concludes with the prayer that, "after all due proceedings are had, … there

_____

[3] *Succession of Gertrude Maria Wabnig*, Civil District Court No. 2010-4893, Div. "N".

2

be judgment rendered herein in favor of [Ms. Wabnig] and against all defendants for all damages suffered by [Ms. Wabnig], together with all legal interest and costs associated with the prosecution of this claim and for all general and equitable relief as is just."

In response, Appellees filed various exceptions, including an exception of prescription. After a hearing, the trial court sustained the exception of prescription on June 1, 2020.[4] This appeal followed.

## DISCUSSION

The dispositive issue before us is whether the trial court erred in sustaining the exception of prescription. This court has set forth the standard of review of a trial court's judgment on an exception of prescription as follows:

> When no evidence is introduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. A *de novo* standard of review applies. In this context, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.

> When evidence is introduced, the trial court's factual findings on the issue of prescription generally are reviewed under the manifestly erroneous-clearly wrong standard of review. When evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination. . . .

> Ordinarily, the defendant—the party asserting a peremptory exception of prescription—bears the burden of proof. When the plaintiff's claim is prescribed on the face of the petition, however, the burden shifts to the plaintiff to establish that his or her claim has not prescribed.

*Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, pp. 8-9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800 (citations, quotation marks, and alterations omitted).

---

[4] The trial court initially ruled orally from the bench and later rendered a written judgment.

Ms. Wabnig contends that the trial court erred in granting the exception of prescription for two reasons: (1) the petition sets forth an imprescriptible revendicatory action; and (2) even if the causes of action set forth in the petition are facially prescribed, they remain viable under the doctrine of *contra non valentem*. We address each argument separately.

*Revendicatory Action*

Ms. Wabnig contends that the trial court erred in sustaining the exception of prescription because the petition sets forth an imprescriptible revendicatory action for the return of the movable and immovable property constituting her legacy from Father.[5] A revendicatory action is an action whereby "[t]he owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him." La. C.C. art. 526. Such actions are of two kinds: (1) a petitory action for the recovery of immovable property; and (2) an innominate real action for the recovery of movable property. La. C.C. art. 526, cmt. (b); *see also Songbyrd, Inc. v. Bearsville Recs., Inc.*, 104 F.3d 773, 777 (5th Cir. 1997).

The Appellees point out that, contrary to Ms. Wabnig's contention, the petition does not seek the recovery—that is, the return—of her legacy; indeed, the petition is devoid of any request for the recovery of any identifiable thing. Instead, as the Appellees point out, the only relief sought by the petition is monetary damages.

---

[5] In ruling from the bench, the trial court found that the petition set forth various delictual causes of action; and the trial court sustained the Appellees' exceptions of prescription as to those causes of action. Apart from arguing that those claims are subject to the application of the doctrine of *contra non valentum*, discussed elsewhere in this opinion, Ms. Wabnig does not challenge the trial court's finding that those causes of action are facially prescribed.

Similar arguments were presented in *Melancon v. Melancon*, 244 So.2d 905 (La. App. 1st Cir. 1971). There, the plaintiff sought to recover the monetary value of a legacy from her mother consisting of certain property, which the plaintiff claimed the defendant, her tutor, had mismanaged or converted. Although the petition was styled an "action in revendication," it sought relief only in the form of monetary damages representing the value of the assets mismanaged or converted by the defendant. The plaintiff contended that, "since mostly cash was involved, a dollar is a dollar and it is immaterial to an action for revendication that the defendant does not have the same currency that he originally received for the plaintiff . . . [since] [h]e can replace it with other money." *Id.* at 906. The appellate court disagreed, reasoning that "the revendicatory action, by definition, involves a claim by one party for specific and identifiable property retained by or in the possession of another party" and that "[i]n seeking a sum of money representing the value of expended cash or deteriorated movables, plaintiff's action does not meet that requirement of an action in revendication." *Id.* at 907.

The same is true here. The petition in this case does not seek to recover any particular thing in the possession of any of the Appellees. Instead, the petition—styled a "Petition for Damages"—seeks relief only in the form of monetary damages.[6] Thus, here, as in *Melancon*, the petition does not set forth a revendicatory action.[7] Accordingly, the trial court did not err in finding that the causes of action set forth in Ms. Wabnig's petition are facially prescribed.

---

[6] Indeed, the petition breaks those monetary damages down into the following categories: (1) past, present, and future emotional damages; (2) loss of use; (3) loss of income; (4) loss of business opportunity; (5) attorney's fees and court costs; (6) inconvenience; and (7) other damages that may be proven at trial.

[7] As a corollary to her argument that the petition sets forth a revendicatory action, Ms. Wabnig contends the trial court erred in sustaining the exception of prescription because the Appellees

*Contra Non Valentem*

Ms. Wabnig contends that, even if the causes of action set forth in the petition are facially prescribed, they remain viable under the doctrine of *contra non valentem*. This court has explained the application of the doctrine as follows:

> The doctrine of *contra non valentem* is a jurisprudentially-created, limited exception [to prescription] where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. The doctrine is based on the premise that, in some circumstances, equity and justice require that prescription be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.

> Because *contra non valentem* is an exceptional remedy recognized by our jurisprudence which is in direct contradistinction to articles in our Civil Code, it must be strictly construed. Thus, the Louisiana Supreme Court has cautioned that the doctrine applies only in exceptional circumstances. Louisiana jurisprudence has recognized four such circumstances:

> (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

> (2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

> (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

> (4) Where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Ramos v. Le*, 2018-0677, pp. 5-6 (La. App. 4 Cir. 12/12/18), 261 So.3d 959, 963-64 (citations, quotation marks, and alterations omitted).

---

may be entitled to assert an imprescriptible claim of acquisitive prescription as a defense to any revendicatory action brought by her. Because we find that the petition does not set forth a revendicatory action, we pretermit discussion of her corollary argument.

Ms. Wabnig contends that Mother, Norbert, and Paul concealed from her the existence of her legacy from Father and that she only learned of the existence of the legacy in 2018. Ms. Wabnig contends this concealment warrants the application of the third and fourth categories of the doctrine of *contra non valentem*.

The trial court, however, found that Ms. Wabnig's claim of concealment was contradicted by evidence establishing that she was aware of the existence of her legacy from Father by 2007, meaning that the causes of action set forth in the petition—all of which are delictual in nature—prescribed years before the petition was filed in 2019. The trial court summarized the evidence as follows:

> [D]ocuments produced in [Mother's] succession proceedings demonstrate that [Ms. Wabnig] had knowledge of her [legacy from Father] prior to 2018. In response to request for production of documents, [Ms. Wabnig] produced documents that indicate that in 2008, two years prior to Mother's death, [Ms. Wabnig] was aware that she and her brothers inherited from their father (referring to an e-mail communication between Margarete and Peter Funston). There is also an e-mail from 2007, which is e-mail communication between [Ms. Wabnig] and Mr. Eschelmann, which indicates that [Ms. Wabnig] was aware of her [legacy] from her father before 2018. Additionally, there was a letter authored by [Ms. Wabnig], which is dated October 9, 2008, to her brothers, which recognizes her knowledge of the fact that she and her brothers inherited from their father. So based upon these documents, it is evident [Ms. Wabnig] knew about her [legacy] years before 2018.

In light of this evidence, we cannot say the trial court's finding was manifestly erroneous.

### APPELLEES' ANSWER TO APPEAL

Contending that Ms. Wabnig's appeal is frivolous, the Appellees seek frivolous appeal damages in the form of attorney's fees and costs incurred in connection with this appeal. This court set forth the principles governing requests for frivolous appeal damages as follows:

7

Appellate courts shall render any judgment which is just, legal, and proper upon the record on appeal and may award damages for frivolous appeal. La. C.C.P. art. 2164. The statute permitting frivolous appeal damages must be strictly construed in favor of the appellant, as it is penal in nature. Frivolous appeal damages will be awarded if the appellant is trying to delay the action or if the appealing counsel does not seriously believe the law he or she advocates. An appeal may also be deemed frivolous if it does not present a substantial legal question. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted due in part to the possible chilling effect on the appellate process.

*Johnson v. Johnson*, 08-0060, pp. 5-6 (La. App. 4 Cir. 5/28/08), 986 So.2d 797, 801 (citations, quotations, and alterations omitted). Expanding on these principles this court has explained as follows:

Although a successful appeal is by definition non-frivolous, the converse is not true. Even when an appeal lacks serious legal merit, frivolous appeal damages will not be awarded unless the appeal was taken solely for the purpose of delay or the appellant's counsel is not serious in the position he advances.

Any doubt regarding whether an appeal is frivolous must be resolved in the appellant's favor.

*Miralda v. Gonzalez*, 14-0888, pp. 33-34 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1019 (citations, quotations, and alterations omitted). Applying these principles, we cannot say that Ms. Wabnig's appeal is frivolous. Accordingly, we deny the Appellees' request for frivolous appeal damages.

## **DECREE**

For the foregoing reasons, the trial court's judgment is affirmed; the Appellee's request for frivolous appeal damages is denied.

**AFFIRMED; FRIVOLOUS APPEAL DAMAGES DENIED**

8