## JOHN WARREN *v.* E. B. SALTENBERER.

The declarations of the wife are not admissible in evidence against the husband.

A person in possession of movable property may be sued personally for the same, although the defence sets up that the defendant is administratrix and holds the property as a part of the succession.

WARREN
v.
SALTENBERER.

APPEAL from the District Court of Carroll, *Richardson*, J.   *A. W. Cald-well* and *H. Short*, for the plaintiff, contended: The plaintiff sued to recover a lot of household and kitchen furniture whilst in the possession of the defendant, or at least from the time they were demanded; and in case the defendant did not restore the furniture, then that she be decreed to pay the value of it.

The defendant plead the general denial, and the case was submitted to a jury on the 14th December, 1850 ; and on the 16th, after two full days investigation, they rendered a verdict for the plaintiff for the furniture, with twenty per cent per annum as rent for the use of the furniture from the time of the demand made for it, or for the value of the furniture as set forth in the petition ; and by the judgment the defendant has her choice, either to hand over the furniture or to pay for it.  It was proven that the use of such furniture was worth twenty per cent on the value of it (for the use of it) per annum, and we think this estimate was very reasonable, and fully sustained the finding of the jury in this respect.  Upon the question as to the ownership of the property in dispute, there is some confliction in the statements of the witnesses.  But this disagreement amongst the witnesses can easily be accounted for when we look to the nature of the suit, and find, further, that some of the witnesses are intimately connected with the defendant ; and it is frequently a matter of astonishment to see how excited, sometimes, the members of a family become, when detailing the circumstances connected with a legal controversy, even for a small amount. The manner in which these witnesses gave their testimony could not be put in the record, so as to enable this court to see through one of the clearest mediums, the true character of the testimony and the weight that is to be given to it; and we think it would be difficult to find twelve men, taken from the body of any community of even ordinary intelligence, who had the witnesses before them, who would not be able to give to such testimony its due weight, and to do substantial justice between the parties in a controversy like the present; and when the testimony is examined, enough will be found to sustain the verdict of the jury, and to free them from the reflections cast upon them in the defendant's brief.

The defendant contends that the testimony of *Mrs. McQueen*, should have been admitted, and that the judge "erred in excluding it upon the ground that it was hearsay, after the plaintiff had cross-examined her, with a view to the rejected testimony."  When the clerk went to take the testimony of *Mrs. McQueen*, who was sick, the counsel for the plaintiff remained in court, and the question as to the admissibility of the testimony when taken, was expressly reserved, as will be seen by the bill of exceptions.

But great complaint is made, and weighty reasons present themselves to the defendant's counsel for reversing the judgment, upon the ground that the defendant is called on to give up the furniture, or to pay for it : in other words, that the demand is set forth in the disjunctive, and that the verdict and judgment are disjoined ; now, if the petition had been for the furniture and the price, and the verdict and judgment had been in the conjunctive, then, indeed, the defendant would have had something to complain of.  The different and conflicting issues, says the defendant, are well calculated to produce confusion, mistakes and injustice in the finding of the most laborious and conscientious jury.  When a man has my horse, and I say to him give me my horse or pay me his value, the proposition is a plain one, it seems to me, and if he refuses to do either, and is condemned to do the one or the other and it is left to his election, how can he complain.  C. P. 149, 344 and 345.  4 L. R. 360.  15 L. R. 20.  11 R. R. 87.

We did not sue the defendant as administratrix of *McMullin's* succession; the plaintiff found her in possession of that which belonged to him; and she could not properly administer on *Warren's* property.  It seems to us that there is no ground to reverse this judgment.

*Louis Selby*, for the defendant: This case is appealable, for more than $300 is sued for.  The demand is for property whose value is estimated at $295 05, and twenty per cent a month on that estimation from October 4, 1849; and this suit was filed April 30, 1850 ; so that the twenty per cent a month was claimed for nearly seven months when the suit commenced; which twenty per cent a month added to the estimation, then made about $700 in the aggregate.  And the verdict and judgment is for every item sued for, valued by the plaintiff and the jury at $295 05; and for twenty per cent a year on that valuation, from April 30, 1850, which makes the verdict when rendered for more than $330 ; and this twenty per cent cannot be considered as interest, for interest cannot

exceed eight per cent a year.　C. P. 91.　5 N. S. 647.　4 L. R. 462.　5 R. R. 90.　2d Ann. 792 and 911.

The prayer of this petition is, in the alternative, for stated items in all valued by the plaintiff at $296 05, and twenty per cent a month rent of the articles, from October 4, 1849, until delivered to the plaintiff; or for the $296 05. The verdict is likewise in the disjunctive, for "all the household and kitchen furniture and other property described in document "A," or its value as set forth in the petition, with twenty per cent per annum on the value of the same as rent, from plaintiff's demand until restored." This verdict indicates that the jury looked at the plaintiff's petition, rather than at the evidence to find it. Had they compared the evidence with the petition, they must have learned that the plaintiff had not proved, precisely two hundred and ninety-five dollars and five cents, that value he himself placed upon the trumpery; and that the defendant was in possession of every item charged to her. The judgment is also disjoined : " for all the household and kitchen furniture, and other property described in document "A," with twenty per cent on the value thereof, from June 8, 1850, until delivered up, and in case defendant refuses or fails to deliver the said articles, then the said plaintiff shall have execution for $295 05." The different and conflicting issues here presented, are well calculated to produce confusion, mistakes and injustice in the finding of the most laborious and conscientious jury. It is suggested also, that the laws do not authorize the bringing and trying suits before juries, as here done, in the disjunctive. The plaintiff only can get the property or the price; the one precludes the other. And will a writ of possession issue upon this judgment?—C. P. 630, et seq. and 634 and 635—or a fieri facias?— C. P. 641 et seq —or both at once ? and leave the final decision of the cause, whether the defendant complies with the order to restore the items in plaintiff's document "A" to the sheriff? This would be leaving a dangerous discretion with him. I suppose that one branch of the suit was intended as a possessory action for personal property. And what kind of an execution could or ought the clerk to make out from this judgment?

It is also contended that the defendant has been sued as administratrix of her deceased husband, Dwight McMullin, and that a personal judgment was erroneously taken against her. The petition, answer and evidence show, that the defendant was in possession of the items sued for, not taken to Kentucky by Warren and his wife themselves, only, as administratrix, and that she never pretended to have any personal ownership or claim to them. As representing the deceased, the law made it her duty to keep possession of them; for they were found in the possession and ownership of him when he died, and as his were put upon his inventory and appraised with his other property ; and for their appraised value, as well as in the value of his other property promiscuously inventoried with them, the widow administering her dead husband's property, has given the required security for the faithful performance of the trust; and upon her bond, she and her securities are held liable to the heirs of McMullin, her late husband, when they present themselves, for this as well as other property left by him. This personal judgment against her would not be a bar to a suit by the heirs of the deceased for this same property, as estimated upon his inventory against her and her sureties as administratrix. And by turning this suit into a personal one, the plaintiff deprives her or the succession of McMullin of her testimony; and she, above all persons now alive, except the plaintiff and his wife, would be most likely to know most relative to the ownership of this property sued for. 1st Ann. 227. Therefore, for these reasons, the judgment below should be reversed, and this suit dismissed.

The judgment of the court was pronounced by

Preston, J. We have carefully examined the evidence in this case, and all concur in opinion that the verdict should not be disturbed nor the judgment reversed, if the action of the plaintiff can be sustained against the defendant personally.

A bill of exceptions was taken to the rejection, as evidence, of declarations of Mrs. Warren. They were not only hearsay evidence, but the declarations of a wife, who could not be admitted as a witness for or against her husband, and were therefore properly rejected.

WARREN
*v.*
SALTENBERER.

The only question in the cause with regard to which we have any difficulty is, whether the defendant is liable to the plaintiff personally, or should have been sued as administratrix of her husband's estate.

The suit is brought for the specific delivery of movable property, which the plaintiff alleges belongs to him, and which the defendant contends belongs to the estate of which she is administratrix. She included the property in the inventory of the estate, but the plaintiff was present at the making of the inventory, and claimed that the property belonged to him, and that it should not be placed on the inventory. The recorder described the property in the inventory as being in dispute. The plaintiff has fully proved that the property belonged to him, and that it should not have been inventoried as belonging to the deceased. Could he do so in a suit against the defendant personally, or shall he be compelled to resort to a suit against her as administratrix?

There are some reasons, special to this case, for refusing to reverse the judgment on the ground that the defendant is not personally liable. She did not except to the action on the ground that she should be sued in her capacity of administratrix, but answered to the merits. She did not oppose the trial by jury on the ground that it was a suit against a succession. She was also a widow in community, to whom half the property belonged if she successfully defended it. Even after verdict, she did not endeavor to set it aside for the reason now urged. We should be reluctant to subject the plaintiff to the expense of this long suit for a small matter, and the vexation and delay of another suit, unless compelled by the clear principles of law.

Our Code of Practice is extremely meagre in its provisions as to actions for movable property, although they are so numerous. By the 11th article, actions with regard to their object are divided into two classes: those by which movables and those by which immovables are claimed. In defining, shortly afterwards, personal actions, it is with difficulty the definitions can be construed to embrace a suit for a specific thing. Arts. 26, 27, 28, 29, 30, 31, 32.

We must be governed, therefore, very much by usage and analogy in deciding against whom the action should be brought. The code prescribes that the real action shall be brought against the person in the actual possession of the immovable claimed, without reference to the title by which he possesses. C. P. art. 43. There is no reason why the same principle should not apply to movable property. The detention of the thing from the owner is the injury he suffers and which he seeks to redress by suit, and that is a personal detention by the possessor. It is by his act that the owner is deprived of his property, and this act imposes on him an obligation to deliver it up.

It is immaterial to the owner and plaintiff by what title the defendant possesses; it is the possession itself which he claims. So it is unimportant to the defendant by what title he defends himself. If he is owner, that defeats the plaintiff's claim; if he is bailee of the true owner, the plaintiff is equally defeated; or even if he is naked possessor, the plaintiff cannot recover without showing that he is true owner. It is his sole business to show that, and when shown it is the actual and personal possession of the thing by the defendant which injures him, and for which he is entitled to redress. The title by which the defendant possesses is matter of defence, and he can avail himself of any title but that of the plaintiff.

If, therefore, the property in controversy belongs to the plaintiff, the defendant has no right to detain it from him as administratrix, and such capacity should not screen her from delivering it to the plaintiff. The defendant, as administra-

trix, could take and keep possession of the property of the deceased alone. That quality does not authorize her to detain the plaintiff's property, but that of the intestate.

WARREN<br>v.<br>SALTENBERER.

If the defendant *bonâ fide* took possession of the property as administratrix, and defended it as such, the estate would be liable for her expenses and the damages recovered from her. She not only created an obligation based upon a *quasi* contract to that effect, but the estate was bound to warrant her in the personal action against her. C. P. 379. But suppose the estate entirely insolvent, must the plaintiff suffer all the loss and damage caused by the defendant's detention of his property, the estate being inadequate to afford indemnification?

A wealthy man is appointed administrator of an insolvent succession and, as such, takes possession of valuable but perishable movables belonging to me. I show good titles and put him in default. He answers, sue the estate; I sue the estate for the things themselves, and during the pendency of the litigation they are destroyed by fire or otherwise. The irretrievable loss is mine, if I was obliged to sue the estate; but he would be responsible if I had a right and had sued him for the personal detention of my property.

Therefore, in this State, the action for movable property has generally been brought against the possessor of the property, and although the defendant might undoubtedly be sued in the capacity by which he holds the property, yet the plaintiff is by no means obliged to pursue that course. Thus we sue the keeper of the livery stable for the horse stolen from us, and not the purchaser from the thief, and many similar cases might be mentioned.

The judgment of the district court is therefore affirmed, with costs.

SLIDELL, J. dissenting. This is an action to recover certain furniture or its value, also monthly rent by way of damages for its detention. The petition prayed for the citation of *Mrs. Saltenberer* personally. It, however, was alleged in the petition that she was the administratrix of *Dwight McMullin*, and that the property had been placed in his possession by *Warren*, under a contract of deposit: *McMullin* undertaking to take care of it for *Warren* during his absence and to restore it to him upon demand. The petitioner further alleged in substance that it remained in *McMullin's* possession under this contract, until his death, and that it was inventoried as part of his succession by the administratrix, notwithstanding the opposition of *Warren*. Under the allegations of the petition and the evidence in the cause, *Mrs. Saltenberer*, it seems to me, must be considered as having received and as being in possession of the property in her capacity of administratrix. The possession was held by the deceased under a contract with the plaintiff, and passed under that contract to his succession. The plaintiff's claim, therefore, was a claim against the succession for the fulfillment of the contract by the restoration of the property, and not against the defendant personally. The suit was therefore, I think, improperly brought against her personally, and the judgment condemning her personally seems, to me, erroneous.