SUSAN M. CHEHARDY, Judge.
 

 IgThis is a suit by beneficiaries of a trust arising out of the termination of their trust benefits. The trial court granted a partial summary judgment that dismissed the claims of one plaintiff as to some of the defendants, but denied summary judgment as to the other plaintiff. In addition, a motion for partial summary judgment by other defendants is still pending. The plaintiff whose claims were partially dismissed has appealed. We dismiss the appeal for lack of jurisdiction.
 

 On July 27, 1990 Leon J. Greff, as Set-tlor, created an irrevocable inter vivos trust by a document titled “Act of Donation Creating an Irrevocable Inter Vivos Trust,” by Leon J. Greff to Ernest A. Burguieres, III and Patrick E. Milam, dated July 27, 1990. The trust instrument gave the trust the name “The Tri Greff Trust,”
 
 [1]
 
 named two co-Trustees, Ernest A. Burguieres, III and Patrick E. Milam,
 
 [2]
 
 and stated the Trust was set up under the laws of Florida, particularly the Florida Trust Statutes.
 
 [3]
 

 The Tri Greff Trust created a “class college educational trust” for the benefit of Leon J. Greffs great-grandchildren.
 
 [4]
 
 The instrument states, “This Trust is being | ¡¡created for the sole purpose of giving an opportunity to the Great Grandchildren of Leon J. Greff to secure an education which will prepare them to secure more from life than would otherwise be available....”
 
 [5]
 

 To participate in the Trust, the prospective beneficiaries are required to comply with certain criteria in their academic performances. A beneficiary in grades 5 though 8 is required to “maintain a ‘B Plus’ average or a ‘2.5 G.P.A.’ on a ‘4.0
 
 *695
 
 scale[’], each school year.”
 
 [6]
 
 A beneficiary in high school is required to take a college-preparatory curriculum that includes designated subjects, and to “maintain a 3.0 grade point average on a 4.0 scale for the school year.”
 
 [7]
 

 In the case of 5th-through-8th-grade and high-school beneficiaries, if the beneficiary fails to maintain the designated average the Trustees are charged with determining the cause for such failure. If the failure was due to a cause beyond the beneficiary’s control, the Trustees may maintain the benefits for another term, during which the Trustees “shall make every effort to remove the cause or the causes of the failure” to maintain the grade average.
 
 [8]
 
 If the cause or causes cannot be removed and the beneficiary does not achieve the required grade average within a year, the Trustees “shall disqualify the beneficiary” from any future benefits and the “beneficiary’s interest in the trust shall be forfeited.”
 
 [9]
 

 The Trust requires that each beneficiary be enrolled and attending full time classes in a college or university by their 20th birthday, or forfeit all interest and benefits.
 
 [10]
 
 A beneficiary may select and attend any accredited college or university of his choice, “except he must secure a BA or BS degree within
 
 5
 
 years or original | ...enrollment” and “must maintain a ‘B Plus’ or a ‘3.0 point average’ on a scale of 4.0 ... to continue to secure the benefits of the trust.”
 
 [11]
 

 The Trust also provided,
 

 Should any of the beneficiaries become physically or mentally disabled and ... unable to attend or be tutored in college subjects they have been studying, they shall receive one sixth of their proportional shall [sic] of the funds as allocated, until fully expended, subject to review and the joint approval of the trustees after receiving all medical data surrounding the condition of such beneficiary.
 
 [12]
 

 It is uncontested that plaintiffs Randal W. Greff, Jr., known as “Randy Jr.,” and his younger brother, Dustin James Greff, are great-grandchildren of the Settlor and as such were eligible to be beneficiaries of the Trust. Both were receiving benefits under the Trust for several years, until 2004, when the sole remaining Trustee, Patrick Milam, determining they were disqualified from receiving benefits because of low grade point averages, and discontinued payments.
 

 Randy Jr. and Dustin (through his father, Randal W. Greff, Sr., as administrator of his estate) filed suit against the Trustee in August 2004. They asserted the Trustee wrongfully disqualified them as beneficiaries and wrongfully ceased paying them benefits; that he breached his fiduciary duty by failing to give ac-countings as required by the trust instrument; that he failed to comply with the trust’s requirement to appoint a co-trustee to replace Ernest Burguieres (who resigned several years after inception of the trust). The plaintiffs also alleged the Trus
 
 *696
 
 tee failed to comply with various provisions of the Trust before deciding the plaintiffs were no longer entitled to receive the benefits of the Trust.
 

 The plaintiffs asserted the Trust was negligently and/or improperly drafted, and provisions of the Trust are vague, ambiguous, and subject to varying | ¡^interpretations that frustrate and prohibit satisfying the Trust’s stated goals and educational purposes. The plaintiffs seek judicial reformation of the Trust, requesting that the court determine the true intent of the Settlor and modify the Trust accordingly. They ask the court to disregard the ambiguous and unclear terms of the Trust, and render an interpretation that allows the beneficiaries an opportunity to achieve the stated goals of the Trust and fulfill the intent of the Settlor.
 

 The plaintiffs also seek to have Milam removed as Trustee and to recover against him all educational expenses they have incurred since the date the Trustee failed and/or refused to pay same, as well as future such expenses pending a ruling on their petition.
 

 In addition to Milam, sued individually and as Trustee, the plaintiffs named as defendants numerous other potential beneficiaries of the Trust, including all present and future great grandchildren of the Set-tlor, and all contingent beneficiaries of the Trust.
 

 The Trustee filed an incidental demand against the plaintiffs as well as the other beneficiary-class defendants, seeking a declaratory judgment confirming and ratifying his past interpretations of the Trust’s provisions. The Trustee later filed a re-conventional demand against Randy Jr., in which he sought to recover funds to which the Trustee claimed Randy Jr. was not entitled, and which the Trustee alleged Randy Jr. fraudulently induced the Trustee to pay to him.
 

 Thereafter the Trustee filed a motion for partial summary judgment against the plaintiffs, asserting there was no issue of material fact and he was entitled to judgment as a matter of law that he acted properly in disqualifying them from receiving further benefits of the Trust. Subsequently the other defendants, all | (¡contingent beneficiaries of the Trust, filed a motion for partial summary judgment, on the same basis as the Trustee.
 

 The trial court granted partial summary judgment on the Trustee’s motion as to Randy Jr., but denied partial summary judgment on the Trustee’s motion as to Dustin. The record does not indicate there was any ruling on the motion for partial summary judgment by the contingent beneficiaries. Randy Jr. has appealed.
 

 On reviewing the record in this matter, we find we cannot address the merits of the appeal because we lack jurisdiction. Specifically, the judgment on appeal is a partial summary judgment that is not a final judgment as defined in La.C.C.P. art. 1915. That article provides in pertinent part:
 

 A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
 

 (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or in-tervenors.
 

 [[Image here]]
 

 (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
 

 
 *697
 
 [[Image here]]
 

 B. (1) When a court renders a partial judgment or partial summary judgment ..., as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention,
 
 the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an eocpress determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation,
 
 any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the jtidgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 [Emphasis added.]
 

 |7The judgment on appeal dismissed the claims of Randy Jr. against Patrick Milam, individually and as Trustee. The judgment did not, however, dismiss Randy Jr.’s claims against the other defendants (the contingent beneficiaries) or the claims made in the Trustee’s incidental and re-conventional demands against Randy Jr. Nor did the judgment decide the motion for partial summary judgment by the contingent beneficiaries. In addition, the trial court did not designate the judgment as a final judgment and did not make the required express determination, pursuant to La.C.C.P. art. 1915(B)(2), that there is no just reason for delay.
 

 Therefore, the judgment is an interlocutory judgment, subject to being “revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.” It is not subject to immediate appeal and we have no jurisdiction over it.
 
 Nolan v. High Grass, LLC,
 
 07-80 (La.App. 5 Cir. 5/29/07), 960 So.2d 1103, 1105.
 

 Accordingly, the appeal is dismissed. Costs of appeal are assessed against the appellant.
 

 APPEAL DISMISSED.
 

 [1]
 

 . Act of Donation Creating an Irrevocable Inter Vivos Trust, by Leon J. Greff to Ernest A. Burguieres, III and Patrick E. Milam, dated July 27, 1990, hereafter The Tri Greff Trust, Art. II (Name of Trust).
 

 [2]
 

 . The Tri Greff Trust, preamble, ¶ 2.
 

 [3]
 

 . The Tri Greff Trust, preamble, ¶ 3.
 

 [4]
 

 . The Tri Greff Trust, Art. Ill (Beneficiaries).
 

 [5]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust).
 

 [6]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust), § 1.
 

 [7]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust), § 2.
 

 [8]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust), §§ 1-2.
 

 [9]
 

 .
 
 Id.
 

 [10]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust), § 5.
 

 [11]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust), § 8.
 

 [12]
 

 . The Tri Greff Trust, Art. VII (Provisions to Participate in Trust), § 4.