51 So.3d 737 (2010)
The TRUST FOR MELBA MARGARET SCHWEGMANN and Melba Margaret Schwegmann, Beneficiary,
v.
The SCHWEGMANN FAMILY TRUST, The Schwegmann Family Trust No. 2, Through Diane B. Marks and William R. Burge Jr., Trustees and John Guy Schwegmann, Laurie D. Schwegmann and Heidi Schwegmann, Individually.
No. 09-CA-968.
Court of Appeal of Louisiana, Fifth Circuit.
September 14, 2010.
*739 Paul J. Mirabile, Middleberg, Riddle & Gianna, New Orleans, Louisiana, for Plaintiffs/Appellees.
Antonio J. Rodriguez, Lawrence R. DeMarcay, III, H. Jake Rodriguez, Shelly R. Miller, Fowler, Rodriguez Valdes-Fauli, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellants.
Panel composed of Judges CLARENCE E. McMANUS, FREDERICKA HOMBERG WICKER, and MARC E. JOHNSON.
CLARENCE E. McMANUS, Judge.
This is an appeal from the trial court's grant of an exception of prescription dismissing plaintiffs' petition, and the denial of an exception of no right of action and exception of no cause of action. For the reasons which follow, we reverse the trial court's judgment in part, and affirm the judgment in part.

STATEMENT OF THE CASE
The Trust of Melba Margaret Schwegmann ("Margie Trust") was created in 1962 with Melba Margaret Schwegmann Brown ("Brown") as the beneficiary. John F. Schwegmann was named the trustee of the Margie Trust. The Schwegmann Family Trust No. 1 was created in 1988 with John Guy Schwegmann, Laurie Schwegmann and Heidi Schwegmann as beneficiaries. Diane B. Marks and William R. Burger, Jr. were named trustees of the Schwegmann Family Trust No. 1. The Schwegmann Family Trust No. 2 was created in 1994 for the benefit of John Guy Schwegmann, Laurie Schwegmann, and Heidi Schwegmann.
In 2000, a petition was filed in Orleans Parish Civil District Court by Brown claiming John F. Schwegmann, as trustee for the Margie Trust, breached his fiduciary duties to the trust by diverting funds from that trust for his own personal use and failing to hold or invest the trust's income for the benefit of the trust. Brown and the Margie Trust alleged John F. Schwegmann used the funds from the *740 Margie Trust to set up the Family Trusts for his own children.
Following trial, the trial court entered judgment in favor of John F. Schwegmann. Brown appealed and on December 10, 2003, the Fourth Circuit Court of Appeal found that John F. Schwegmann was liable to Brown for his breach of trust as a trustee of the trust established for her benefit by her father in 1962. Brown v. Schwegmann, 02-1509, (La.App. 4 Cir. 12/10/03), 861 So.2d 862, writ denied, 872 So.2d 489 (4/30/04). The Fourth Circuit remanded the matter to the trial court for a hearing on the issue of damages to be assessed against John F. Schwegmann for breaching his fiduciary obligation as trustee. Id. On January 26, 2005, the Orleans Parish trial court entered judgment in favor of the plaintiffs in the amount of $5,147,073.00.
In 2004, the Margie Trust and Brown, as beneficiary of the Margie Trust, filed a petition for declaratory judgment in the Twenty-Fourth Judicial District Court against the Schwegmann Family Trusts No. 1 and 2 and the trustees and beneficiaries of these trusts, attempting to recover the funds that John F. Schwegmann had diverted into the trusts for his children. The Margie Trust asserted John F. Schwegmann's actions constituted wrongful conversion of the trust funds for his use and the use of his children's trusts. The trust argues Louisiana law allows a beneficiary to trace and recover assets taken improperly from a trust under the principle of constructive or equitable trust. The trust contends the improper conversion entitles the beneficiaries to trace the funds and also entitles the beneficiaries to an accounting of all funds deposited and earnings from these funds. Plaintiffs argue if the funds can be sufficiently identified, they are entitled to a ruling that all property is being held in a constructive trust for Brown's benefit and that she is entitled to its return. Plaintiffs sought a declaratory judgment clarifying Brown's rights to proceed in order that they will not be deemed to have elected a remedy prematurely or to have waived any rights to either route of recovery. The plaintiffs further sought an order compelling an accounting of the Schwegmann Family Trusts and a declaration preserving their right to make a decision of which remedy to elect after conclusion of the accounting and the Orleans Parish case.
Defendants filed an exception of no right of action, an exception of no cause of action, and an exception of non-joinder of an indispensable party. On September 25, 2004, the trial court granted the exception of no right of action and no cause of action, finding that plaintiffs have no action under La. R.S. 9:2221 to compel the defendants to make an accounting because they are not beneficiaries of the defendants' trusts. Further, the trial court concluded Louisiana law does not recognize constructive trusts. Plaintiffs appealed and this Court found the trial court correctly determined that La. R.S. 9:2221 provides a remedy for a beneficiary against a trustee of the beneficiary's trust, but not a remedy for a beneficiary against the trustee of a different trust. Trust for Schwegmann v. Schwegmann Family Trust, 05-095, (La. App. 5 Cir. 5/25/05), 905 So.2d 1143. Therefore, this Court found the trial court correctly found the plaintiffs have no cause of action under La. R.S. 9:2221. However, this Court found plaintiffs could amend their petition to state a cause of action to enforce a right of the trust estate.
This Court further found the trust did have a claim under La. R.S. 9:2222, thus the trial court erred in refusing to allow the trust to amend its petition. This Court remanded the matter to the trial court to allow the trust to amend its petitioner *741 This Court also found the issue of whether there was a constructive trust in favor of Brown as beneficiary need not be decided since this matter was being remanded for amendment of the petition. Id.
On remand, plaintiffs filed a first amended petition for declaratory judgment adding a claim pursuant to La. R.S. 9:2222 alleging that John F. Schwegmann, as trustee of the Margie Trust, did not bring any action against the defendant trusts to recover assets of the Margie Trust. Thus, plaintiffs sought to enforce the rights of the Margie Trust and recover the property diverted by John from the defendants. Plaintiffs further sought in personam rights to money damages and in rem rights to trace funds converted by John F. Schwegmann for his own benefit and the benefit of the defendant trusts. Additionally, plaintiffs sought to obtain an order directing the trustees of the Schwegmann Family Trusts to provide accountings of those trusts.
By this petition, plaintiffs seek to preserve the right to make a decision, after the accounting and determination of John F. Schwegmann's solvency, whether to pursue a remedy against the Family Trusts or John personally. The plaintiffs contend that, if the court determines the assets were diverted from the Margie Trust and taken into the possession of John F. Schwegmann prior to being delivered to his childrens' trusts and he is insolvent, then the action of delivering those funds is reversible under a revocatory action. Further, plaintiffs assert that if the trustees and beneficiaries had knowledge and participated in John F. Schwegmann's breach and improper conversion, they are individually liable for damages.
In response to this amended petition, defendants again filed exceptions of no right of action, no cause of action, and non-joinder of a party. Defendants' also filed an exception of prescription. On June 29, 2009, the trial court denied the exceptions of no right and no cause of action and granted the exception of non-joinder of a party and the exception of prescription, dismissing all claims by plaintiffs.
Defendants filed a motion for devolutive appeal and argued the trial court correctly granted their exception of prescription because the petition was prescribed on its face. Defendants argue the plaintiffs' claims relate to the alleged tort of conversion of money by John F. Schwegmann which is a delictual action governed by a one year prescription in La. C.C. art. 3492. Defendants contend plaintiffs knew of the alleged conversion in 2000 when the petition was filed in Orleans Civil District Court. The current petition was filed in 2004, more than one year after defendants allege plaintiffs knew of the conversion. Defendants also argue the plaintiffs signed a consent agreement in 1994 to form the Schwegmann Family Trust No. 2 and at that time knew the funds were being used to form the trust.
Alternatively, defendants argue that, if this Court finds the action is not prescribed, the trial court incorrectly denied defendants' exceptions of no right of action and no cause of action.
In response to defendants' appeal, plaintiffs have filed a brief with an incorporated motion to dismiss defendants' appeal. Plaintiffs argue on appeal that the trial court correctly denied defendants' exceptions of no cause of action and no right of action. Plaintiffs further argue the trial court did err in granting defendants' exception of prescription. Plaintiffs argue the trial court viewed this case as being a tort claim for the alleged conversion of money, but it is instead based on at least one imprescriptible cause of action, specifically revendication under La. C.C. art. 526. *742 Plaintiffs argue revindicatory actions are not subject to a liberative prescription, therefore, their claims have not prescribed and the trial court incorrectly granted the exception of prescription.
Additionally, plaintiffs incorporate a motion to dismiss in their brief alleging defendants' appeal of the denial of the exceptions of no right of action and no cause of action are not properly before this Court because, under La. C.C.P. art. 1915, a judgment denying exceptions is not appealable without certification from the trial court.
For the reasons which follow, we deny the plaintiffs' motion to dismiss, reverse the trial court's judgment in part and affirm the trial court's judgment in part.

DISCUSSION
First, we will address the plaintiffs' motion to dismiss, which is included in their appellate brief. We do note that plaintiffs are correct that a defendant may not appeal the denial of the exceptions by the trial court pursuant to La. C.C.P. art. 1915. The judgment of the trial court did deny defendants' exceptions of no right of action and no cause of action. However, the judgment on appeal in this case also granted an exception of prescription, which dismissed all claims of plaintiffs. Therefore, the judgment is a final judgment and an appeal may be taken from this judgment. Therefore, the plaintiffs' motion to dismiss is denied.

Exception of Prescription
The defendants filed their exception of prescription following the filing of the plaintiffs' first amended petition for declaratory judgment. As discussed in detail, plaintiffs sought a judgment of the court ordering an accounting of the defendant trusts and sought a declaratory judgment clarifying their rights to make a decision of whether to proceed and recover from John F. Schwegmann individually or from the defendants.
Plaintiffs' original petition, filed May 19, 2004, alleged a right pursuant to La. R.S. 9:2221 to collect the funds from either John F. Schwegmann individually or from the defendant trusts. Plaintiffs sought an accounting and based their claims on the allegations that John F. Schwegmann wrongfully converted the funds they now seek. Following this Court's opinion, plaintiffs amended their petition on July 22, 2005 and removed the claim under La. R.S. 9:2221 and instead asserted a right to bring the action under La. R.S. 9:2222. Plaintiffs also asserted a revocatory action pursuant to La. C.C. art. 2036. Plaintiffs further assert on appeal that their claims include an action in revendication pursuant to La. C.C. art. 526 and a claim for unjust enrichment pursuant to La. C.C. art. 2299. The trial court granted defendants' exception of prescription urged following the filing of the amended petition.
The party urging a peremptory exception raising prescription bears the burden of proof. Only if prescription is evident from the face of the pleadings will the plaintiff bear the burden of showing an action has not prescribed. Onstott v. Certified Capital Corp., 05-2548, (La.App. 1 Cir. 11/3/06), 950 So.2d 744. In the absence of evidence, the objection of prescription must be decided upon the properly pleaded material allegations of fact alleged in the petition, and those alleged facts are accepted as true. Onstott, supra, citing, Thomas v. State Employees Group Benefits Program, 05-0392, (La. App. 1 Cir. 3/25/06), 934 So.2d 753. In reviewing a peremptory exception raising the objection of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claims that is said to be extinguished. *743 Onstott, supra, citing, Pratt v. Himel Marine, Inc., 01-1832, (La.App. 1 Cir. 6/21/02), 823 So.2d 394, writs denied, 02-2128, 02-2025 (La.11/1/02), 828 So.2d 571.
The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. A set of circumstances can give rise to more than one cause of action, and each of those causes has its own prescriptive period. Onstott, supra, citing Griffin v. BSFI Western E & P, Inc., 00-2122 (La.App. 1 Cir. 2/15/02), 812 So.2d 726.
After a review of the allegations and prayer in plaintiffs original and amended petition, we do not agree with the trial court that the true nature of plaintiffs' action is conversion alone. Although plaintiffs have asserted that John F. Schwegmann wrongfully converted funds of the Margie Trust as a basis for this declaratory action, we cannot ignore the fact that this declaratory action seeks remedies beyond a claim against John F. Schwegmann individually for any acts of conversion.
La. C.C. art. 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Based on the claims made by plaintiffs in the original and amended petition, including the claims for unjust enrichment or revendication, we find this ten year prescriptive period is applicable, the petition was timely filed, and the trial court incorrectly granted the exception of prescription.

No Right of Action and No Cause of Action
Since we find the trial court incorrectly granted the exception of prescription, we will address the denial of the exceptions of no right and no cause of action on appeal and find the trial court correctly denied these exceptions.
This Court previously remanded this matter to the trial court to afford the plaintiffs the opportunity to amend their petition following the granting of the defendant's exceptions of no right and no cause of action.
In the amended petition, plaintiffs successfully removed the claims against defendant pursuant to La. R.S. 9:2221 and added claims pursuant to La. R.S. 9:2222. Thus, plaintiffs have now alleged an appropriate right of action, in accordance with this Court's previous opinion, and the trial court correctly denied the exception of no right action. Plaintiffs also added claims for unjust enrichment in the amended petition, as suggested by this Court in our previous opinion. Thus, we find the trial court correctly denied defendants' exception of no cause of action following the filing of the amended petition.
Accordingly, we affirm the trial court's judgment with regard to the denial of the exceptions of no right of action and no cause of action. However, we reverse the trial court's judgment with regard to the granting of the exception of prescription. This matter is remanded to the trial court for further proceedings.
REVERSED IN PART; AFFIRMED IN PART; REMANDED
WICKER, J., concurs and assigns reasons.
WICKER, J., concurs and assigns reasons:
I agree with the majority and write separately.
Plaintiffs/appellants/cross-appellees The Trust for Melba Margaret Schwegmann and Melba Margaret Schwegmann, Beneficiary appeal a judgment in favor of defendants/appellees/cross-appellants The Schwegmann Family Trust, The Schwegmann *744 Family Trust No. 2, John F. Schwegmann, Diane Marks, William Burge, Jr., John Guy Schwegmann, Laurie D. Schwegmann, and Heidi Schwegmann. The trial court granted an exception of prescription in favor of the defendants. In the same judgment, the trial court denied exceptions of no cause of action and no right of action filed by the defendants.
The plaintiffs specify as error the trial court's grant of the exception of prescription in favor of the defendants. The defendants specify as error the trial court's denial of the exceptions of no cause of action and no right of action. For the reasons that follow, I concur with the majority that the judgment denying the exceptions of no cause of action and no right of action should be affirmed. I also concur with the majority to reverse the portion of the judgment granting the exception of prescription, and to remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY[1]
In 1962, John G. Schwegmann established separate trusts for the benefit of his three children, Melba Margaret Schwegmann, her half-brother John F. Schwegmann and her half-brother Guy Schwegmann. Guy Schwegmann and John F. Schwegmann are the natural children of John G. Schwegmann and his first wife. Melba Schwegmann is the natural child of John G. Schwegmann and his second wife. Each trust corpus initially consisted of a cash gift to purchase shares of the senior Mr. Schwegmann's company, the Schwegmann Giant Supermarkets, Inc.
The Trust for Melba Margaret Schwegmann ("Melba Trust") was executed on June 4, 1962. At the time, Melba Schwegmann was five years old. Paragraph VI of the creating instrument provided:
The income realized from the property forming the subject of this Trust, or the income on property hereafter acquired and forming part of the corpus of the Trust Estate, shall be distributed to the beneficiary monthly at a rate to be determined by the Trustees according to the income of the trust and the needs of the beneficiary, and the balance of said income shall be accumulated and held in trust by the Trustees until the termination of this Trust, provided that at any time prior to the termination of the Trust the Trustees, in their sole discretion may pay or deliver to the beneficiary from the Trust property or from the income any money that may be necessary or desirable in the best interests, comfort, health or general welfare of the beneficiary.
The trust instrument initially provided for five trustees who were authorized to purchase for the trust "an interest in the partnership Schwegmann Brothers Giant Super Markets and the common and/or preferred stock of Schwegmann Brothers Giant Super Markets, Inc.," to borrow funds for the trust and execute promissory notes, bonds and other forms of indebtedness, and to pledge and mortgage the trust property. John F. Schwegmann was not initially a trustee of the Melba Trust; however, he became a trustee and began signing Melba Trust instruments in 1971.
In 1979, due to his father's failing health, John F. Schwegmann purchased John G. Schwegmann's interest in the family businesses, including Schwegmann Giant Super Markets, Inc., and Schwegmann Westside Expressway, Inc. John F. Schwegmann also assumed control of the *745 day-to-day operations of the Schwegmann family businesses as CEO and majority stockholder. In addition, the junior Mr. Schwegmann remained as trustee of the Melba Trust even after assuming control and majority ownership of the Schwegmann corporations in which the Melba Trust was invested. Moreover, Melinda Schwegmann, John F. Schwegmann's wife, was appointed as trustee for the Melba Trust in 1980 due to death and aging of the original trustees.
Schwegmann Family Trust No. 1 was created on May 28, 1992 with John Guy Schwegmann, Laurie Schwegmann, and Heidi Schwegmann (John G. Schwegmann's children) named as beneficiaries and Diane B. Marks and William Burger, Jr. as named trustees. Schwegmann Family Trust No. 2 was created on May 19, 1994 with John Guy Schwegmann, Laurie Schwegmann, and Heidi Schwegmann as named beneficiaries. The formation of Family Trust No. 2 was disclosed in a May 13, 1994 consent agreement signed by the six directors for Schwegmann Giant Super Markets, Inc. and Schwegmann Westside Expressway, Inc., including Melba Schwegmann. In the consent agreement, the board of directors of Schwegmann Giant Super Markets, Inc. and Schwegmann Westside Expressway, Inc. agreed to sell certain pieces of real property owned by the Schwegmann corporations and to place the funds in Schwegmann Family Trust No. 1 and Schwegmann Family Trust No. 2.
By 1996, John F. Schwegmann and Melinda Schwegmann were the sole remaining trustees of the Melba Trust. Melba Schwegmann allegedly never received funds from or an accounting of the Melba Trust and, after a formal demand letter requesting an accounting of her trust funds was ignored, she filed a lawsuit in 1999 against the trustees, seeking an order mandating that the trustees render an accounting. After being personally served in October 1999 with the lawsuit, the trustees agreed to provide an accounting and, as a result, no hearing was held regarding Melba Schwegmann's petition. The trustees subsequently failed to provide Melba Schwegmann with an accounting. Melba Schwegmann filed a suit for removal of the trustees and for damages in March 2000 in Orleans Parish Civil District Court contending that John F. Schwegmann diverted funds from the Melba Trust into Schwegmann Family Trust No. 1 and Schwegmann Family Trust No. 2. In the March 2000 petition, Melba Schwegmann specifically alleged that she was aware that John F. Schwegmann had converted Melba Trust funds for his own use.
After a trial, the trial court entered judgment in favor of John F. Schwegmann. Melba Schwegmann appealed to the Fourth Circuit Court of Appeal. That court held that "John F. Schwegmann is liable to appellant for his breach of trust as trustee of the trust established for her by their father in 1962." Brown v. Schwegmann, 2002-1509 (La.App. 4 Cir. 12/10/03), 861 So.2d 862, 870. The Fourth Circuit remanded the matter to the trial court for a hearing on the issue of damages to be assessed against the junior John F. Schwegmann as to his personal liability for breaching his fiduciary obligations as trustee for his sister's trust. Id. The trial court entered judgment in favor of Melba Schwegmann in the amount of $5,147,073.00.
Melba Schwegmann thereafter filed a petition for declaratory judgment in the 24th Judicial District Court in an attempt to recover the funds that John F. Schwegmann diverted into Schwegmann Family Trust No. 1 and Schwegmann Family Trust No. 2. In the petition, Melba Schwegmann alleged the following:

*746 1.) John F. Schwegmann improperly converted funds from the Melba Trust to Schwegmann Family Trust No. 1 and Schwegmann Family Trust No. 2.
2.) John F. Schwegmann's actions not only were a breach of his fiduciary duties as his sister's trustee, but also constituted a wrongful act amounting to conversion of trust funds to his own use, and for the use of a third party.
3.) Louisiana law allows a beneficiary to trace and recover assets taken improperly from her trust, under the principle of a constructive or equitable trust.
4.) The improper conversion of her trust funds entitles Melba, pursuant to La. R.S. 9:2221, to trace those funds into the hands of the third party (the trusts established by John F. Schwegmann for his children) and to an accounting of all funds deposited with those trusts, as well as all earnings therefrom.
5.) If such accounting establishes that the funds improperly converted and diverted from Melba's trust can be sufficiently identified in the hands of either or both Schwegmann Defendants, Melba is entitled to a ruling that all such property is being held in constructive trust for Margie Brown's benefit and is entitled to its return.
6.) Melba is entitled to a declaratory judgment in this matter.
The defendants filed exceptions of no cause of action, no right of action, and nonjoinder of indispensable parties. In the exceptions of no cause of action and no right of action, the defendants contended that Melba did not have a cause of action or a right of action under La.R.S. 9:2221. The trial court agreed and subsequently granted the exceptions of no cause of action and no right of action. The trial court determined that the exception of nonjoinder of indispensable parties was moot.
On the first appeal, the plaintiffs asserted that the trial court erred in ruling that they did not have a right of action and in concluding the petition failed to state a cause of action. The plaintiffs also contended that the trial court erred in concluding that Louisiana law does not recognize constructive trusts and, assuming that the district court was correct in ruling that plaintiffs failed to state a cause of action, in concluding that the objections raised by the defendants could not be removed and dismissing the action rather than affording plaintiffs the opportunity to amend. This Court on that appeal held that the trial court did not err in ruling that the plaintiffs did not have a right of action under La.R.S. 9:2221. We remanded the matter to the trial court to permit the plaintiffs to amend the petition to assert a right of action under La.R.S. 9:2222. Trust for Schwegmann v. The Schwegmann Family Trust, 05-95 (La.App. 5 Cir. 5/31/05), 905 So.2d 1143, 1149. We agreed that "[p]ursuant to La.R.S. 9:2222, the plaintiffs here have a right of action against third parties to enforce a right of the Margie Trust's estate." Id.
The plaintiffs thereafter filed a first amended petition for declaratory judgment. In the amended petition, the plaintiffs contended that under La.R.S. 9:2222, they were entitled to enforce a right of the trust estate. The plaintiffs further contended that they were entitled to recover converted funds "under one of [sic] more of the following approaches:" (1) constructive trust, (2) revendicatory action under to La.C.C. art. 526, (3) return of a thing not owed under to La.C.C. art. 2299, (4) revocatory action under La.C.C. art. 2036 *747 et. seq., and (5) enrichment without cause under La.C.C. art. 4 and art. 2298.
The defendants thereafter filed an exception of prescription contending that the applicable prescriptive period to the plaintiffs' suit is one year. The defendants also reurged the exceptions of no cause of action and no right of action as to La.R.S. 9:2222 (rather than La.R.S. 9:2221). The exceptions were heard on February 6, 2009. On June 29, 2009, the trial court rendered judgment granting the exception of prescription and denying the exceptions of no cause of action and no right of action. In his written reasons for judgment, the trial court indicated that "[o]n its face, the suit is prescribed" because "[a]n action for conversion is governed by the one year prescription of C.C. art. 3492." This appeal followed.

"MOTION TO DISMISS"
Melba filed a brief with an incorporated "motion to dismiss" the defendants' appeal. In the "motion to dismiss," the plaintiffs contend that the defendants have no right of appeal because the judgment is interlocutory as to the defendants. Thus, Melba challenges this Court's jurisdiction over the portion of the judgment denying the exceptions of no right of action and no cause of action.
I write separately to express my view that incorporating a motion to dismiss within a brief is improper under Uniform RulesCourts of appeal, Rule 2-8.1. Rule 2-7.2 provides the requirements for filing a motion, including the requirement that all motions filed in this Court "shall include a proposed order."
Even so, this Court can nonetheless consider whether it has jurisdiction to review the portion of the judgment denying the exceptions of no cause of action and no right of action. Monterrey Center, LLC v. Education Partners, Inc., 08-0734, p. 5 (La.App. 1 Cir. 12/23/08), 5 So.3d 225, 228-29 (Appellate courts have the duty to examine their subject matter jurisdiction sua sponte, even when the parties do not raise the issue.).
La.C.C.P. art. 1841 provides that a final judgment is a judgment that "determines the merits in whole or in part," and an interlocutory judgment is one that "does not determine the merits but only preliminary matters in the course of the action." See also LaPlace Sand Co. v. Troxler, 98-36 (La.App. 5 Cir. 5/27/98), 712 So.2d 1077. A final judgment is appealable in all causes in which appeals are given by law. La. C.C.P. art. 2083. However, "[a]n interlocutory judgment is appealable only when expressly provided by law." La.C.C.P. art. 2083(C).
In this case, there are two judgment portions: a judgment that granted the exception of prescription and dismissed the petition as to the defendants, Schwegmann Family Trust No. 1 and Trust No. 2, their trustees and beneficiaries, and the judgment denying the exceptions of no right of action and no cause of action.
The trial judge designated the entire judgment as a final judgment after an express determination that there was no just reason for delay. See: La.C.C.P. art. 1915(B).
Recently, this Court held that a judgment that dismissed the claims of the plaintiff against some defendants but not others or the claims made in a reconventional demand against the plaintiff was not a final judgment unless so designated under La.C.C.P. art. 1915(B)(2) and there was no just reason for delay. Greff v. Milam, 08-726, p. 6 (La.App. 5 Cir. 2/10/09), 8 So.3d 693, 697. In another case, this Court found a judgment dismissing an injured motorist's petition as to some defendants but not all, was immediately *748 appealable although not designated as such. Riehm v. State Farm Mutual Automobile Insurance Company, 07-651, p. 2, n. 1 (La.App. 5 Cir. 1/22/08), 977 So.2d 1045, writ denied, 08-387 (La.4/18/08), 978 So.2d 350 (The judgment is appealable pursuant to La.C.C.P. art. 1915(A)(1), because as a judgment that dismissed a party it is final and appealable without the necessity for designation under Section (B).).
In any case, the judgment granting the exception of prescription is properly before the Court. That still leaves the question of whether the judgment denying the other exceptions is properly before us.
Although an interlocutory judgment, such as the denial of the exceptions, is generally not appealable, an interlocutory judgment is subject to review on appeal when an appealable judgment has been rendered in the case. Ellefson v. Ellefson, 616 So.2d 221, 224 (La.App. 5 Cir.1993), writ denied, 617 So.2d 1183 (La. 1993), citing Firemen's Pension and Relief Fund for the City of Lake Charles v. Boyer, 420 So.2d 1323 (La.App. 3 Cir.1982). In Sellers v. El Paso Indus. Energy, L.P., 08-403, pp. 15-16 (La.App. 5 Cir. 2/10/09), 8 So.3d 723, 731, we distinguished a restricted appeal from an unrestricted appeal. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal.
Since this appeal from the judgment granting of the exception of prescription and dismissing the defendants is an unrestricted appeal, it is appropriate for the judgment denying the exceptions of no cause of action and no right of action to be subject to appellate review along with the judgment on the merits of the exception of prescription. Therefore, this Court has jurisdiction to consider that portion of this appeal, which challenges the denial of the exceptions of no right of action and no cause of action.

EXCEPTION OF PRESCRIPTION
The plaintiffs filed suit asserting various causes of action. According to the plaintiffs, the trial court erred in granting the exception of prescription because their suit does not solely assert a conversion claim. The plaintiffs argue that they are seeking to "retrieve from the children's trusts the property (or whatever it has been transformed into) that is rightfully [Melba's]" and that they are entitled to relief under one or more of the Civil Code articles noted in their amended petition. The defendants contend that the trial court correctly determined that the plaintiffs' suit solely asserts a delictual action for conversion, which is subject to a prescriptive period of one year.
Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. La. C.C. art. 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The burden of proving that a suit has prescribed rests with the party pleading prescription unless the plaintiffs petition shows on its face that the prescriptive period has run. Tuazon v. Eisenhardt, 98-666 (La.App. 5 Cir. 12/16/98), 725 So.2d 553. If evidence is introduced at the hearing on the exception of prescription, the district court's findings of fact are evaluated under the manifest error standard of review. Alexander v. Fulco, 39,293 (La.App.2d Cir.2/25/05), 895 So.2d 668, writ denied, 05-0781 (La.5/6/05), 901 So.2d 1107.
*749 In this case, the trial court determined that "[o]n its face, the suit is prescribed" because the suit asserts "[a]n action for conversion is governed by the one year prescription of C.C. art. 3492." I agree that an action for conversion is governed by the one-year prescriptive period applicable to delictual claims under La.C.C. art. 3492. I also agree that Melba asserted a conversion claim in the petition. However, I find that the trial court did not take into account the other causes of action pleaded in Melba's amended petition. A litigant may assert several inconsistent or mutually exclusive causes of action or defenses, as long as the allegations are well-grounded in fact, warranted by existing law or a good faith argument for the extension or change thereof, and not pled for improper purposes. La.C.C.P. arts. 892, 1006; see also Harvey v. Dixie Graphics, 593 So.2d 351 (La.1992). In her amended petition, Melba pleaded that she was entitled to a revendicatory action under to La.C.C. art. 526, return of a thing not owed under La.C.C. art. 2299, a revocatory action under La.C.C. art. 2036 et. seq., and enrichment without cause under La.C.C. art. 4 and art. 2298.

Revendicatory Action
Melba asserted a cause of action for revendication in her petition under La.C.C. art. 526. In Dual Drilling Co. v. Mills Equipment Investments, Inc., 98-0343, (La.12/1/98), 721 So.2d 853, 856, the Supreme Court addressed the concept of revendication and civilian conversion as follows:
The Civil Code itself does not identify causes of action for "conversion." However, causes of action for conversion have been inferred from the Codal articles providing that the right of ownership, possession, and enjoyment of movables [is] protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages. La. Civ.Code arts. 511, 515, 521, 524, 526, and 2315. Consequently, the dispossessed owner of a corporeal movable may be accorded one of three actions to enforce his rights of ownership.
The first is the revendicatory action for the recovery of a movable transferred: 1) by the owner or legal possessor to a person in bad faith, 2) for less than fair value, or 3) when the movable was lost or stolen. The second action arises under the law of delictual obligations and exists under the theory of unjust enrichment.
The third action . . . is known as a delictual action. It is available to an owner dispossessed as a result of an offense or quasi-offense or, in other words, a "tort." This action is grounded on the unlawful interference with the ownership or possession of a movable and is frequently termed an action for "conversion" in Louisiana. A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.
(Citations omitted.).
La. C.C. art. 526 is the codal article authorizing the revendicatory action. It provides:
The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him.
*750 There are two kinds of revindicatory actions, depending on the object of the ownership interest that the plaintiff seeks to have recognized: (1) a "petitory action" for the recovery of immovable property, and (2) an "innominate real action" for the recovery of movable property. Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773 (5th Cir.1997); La.C.C. art. 526. The revendicatory action is not a personal action because it is not one brought "to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess." La.C.C.P. art. 422; See also Warren v. Saltenberer, 6 La.Ann. 351 (1851). Rather, the revendicatory action is classified as an "innominate real action." Boykins v. Boykins, 2007-0542 (La.App. 4 Cir. 4/30/08), 984 So.2d 181. Moreover, a revindicatory action for the recovery of movable property is imprescriptible. Johnson v. Hardy, 1998-2282 (La.App. 1 Cir. 11/5/99), 756 So.2d 328; Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773 (5th Cir.1997).
In Boykins, supra, the plaintiff filed a petition for damages and wrongful conversion against his former wife, her attorney, and her attorney's law firm after his property was seized, on writ of fieri facias, to satisfy a spousal support judgment. The plaintiffs ex-wife, her former attorney, and his firm filed an exception of prescription contending that the action brought by the former husband was a delictual action with a prescriptive period of one year. Id. at 183. The husband contended that his petition was premised upon on a revendicatory action brought to protect the rights of ownership in movable property, which does not prescribe. The trial court granted the exception. Id. The Fourth Circuit affirmed, reasoning:
The appellant asserts that his movable possessions were improperly seized and invoked a revendicatory action which is an innominate real action and is imprescriptible. However, under this distinct set of facts, the appellant's possessions were seized pursuant to a valid court issuance of a writ of fieri facias to satisfy a valid judgment for interim spousal support. In the instant matter before us, as gleaned from the record, in subsequent court proceedings it appears that the appellant was given a credit for these very objects. This is clearly not the situation anticipated by La. Civ. C. art. 526 and is not susceptible to a "Yiannopoulos" analysis.

Id. at 185.
In Johnson v. Hardy, supra, the plaintiff filed an action against her late husband's parents, the new owner of her former residence, and an individual who towed her car. She sought possession of various items of personal property and to recover the monetary value of items. The plaintiff sought a judgment against the new owner of her former residence requiring him to deliver the items of personal property to her or to pay her the value of the property. Id. at 329-30. The plaintiff asserted that numerous items of her personal property remained in the home, including an armoire, a large sofa, and a stove. Id. at n. 2. However, after conversing with the new homeowner, the plaintiff learned that the new homeowner had disposed of most of the personal property, except the stove and the armoire. The trial court granted an exception of prescription in favor of the new homeowner. The First Circuit reversed in part, reasoning as to the new homeowner, "[w]ith respect to the movable items remaining in Hardy's possession at the time of the hearing, plaintiffs claim is a revendicatory action, which is imprescriptible. The trial court erred in granting the exception with respect to plaintiff's claims regarding the stove and the armoire." Id. at 334.
*751 In Melancon v. Melancon, 244 So.2d 905 (La.App. 1 Cir.1971), the plaintiff sought to recover the value of certain property from her tutor on the basis of his alleged mismanagement or conversion of her estate following her mother's death. The plaintiff styled her petition as an action for revendication, however, her prayer for relief requested a sum of money representing the value of the assets wrongfully expended by the defendant. Id. at 906. The First Circuit noted that the plaintiff's theory was premised on the fact that "since mostly cash was involved, a dollar is a dollar and it is immaterial to an action for revendication that the defendant does not have the same currency that he originally received for the plaintiff. He can replace it with other money." Id.
The trial court determined that the alleged acts of mismanagement were "acts of the tutorship" within the meaning and scope of former La. C.C. art. 340, which provided for a four-year prescriptive period beginning from the day of majority. The First Circuit affirmed, concluding:
We agree that the revendicatory action, by definition, involves a claim by one party for specific and identifiable property retained by or in the possession of another party. In seeking a sum of money representing the value of expended cash or deteriorated movables, plaintiffs action does not meet that requirement of an action in revendication.

Id. at 907.
Boykins is inapposite to this case; in Boykins, the plaintiffs property was legally seized and sold through the writ of fieri facias. Melancon comes closer to the mark. The Melancon plaintiff sought a revendicatory action for the value of "expended cash or deteriorated movables." Here, the plaintiffs' petition seeks an accounting and a declaratory judgment that the property converted from her trust be declared her property. That such a claim could constitute a revendicatory action is supported by the language of Melancon, which stated that a revendicatory action "involves a claim by one party for specific and identifiable property retained by or in the possession of another party." That the claim could lie in revendication is also supported by the language of In re Succession of Faget, 2008-2423 (La.App. 1 Cir. 12/23/09), 30 So.3d 796, 798, wherein the First Circuit noted that the plaintiff "filed a petition for a revendicatory action against [the defendant], seeking to be declared owner of the property in question and seeking an order compelling [the defendant] to account for and deliver said property." The trial court and the First Circuit both allowed the action to go forward as a revendicatory action. I would allow the same.
The parties dispute when prescription began to run. The defendants contend that prescription began to run in this matter in 1994, when Melba Schwegmann signed the consent agreement transferring property to Schwegmann Family Trust No. 1 and Schwegmann Family Trust No. 2. The plaintiffs contend that Melba Schwegmann did not become aware of John G. Schwegmann's conversion until 1999 or 2000, and prescription began to run on that date. In this case, however, the date when prescription began to run is immaterial; the petition is not prescribed on its face as to Melba's revendication cause of action due to the imprescriptible nature of the revendicatory action. I agree, as argued by the defendants, that revendication claims are subject to acquisitive prescription. However, there is no evidence in the record as to good or bad faith relative to acquisitive prescription or whether the defendants were precarious possessors of the plaintiffs' property (as *752 alleged by the plaintiffs in their brief).[2] The Family Trusts have not met their burden of proving that prescription has run as to Melba's revendication claim. I agree that the trial court erred in granting the exception of prescription. I also agree that, given that we are reversing the trial court's judgment and remanding, we need not rule on the other causes of action alleged in the plaintiffs' petition, such as unjust enrichment.

EXCEPTIONS OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION
Because this Court has found that the trial court incorrectly granted the exception of prescription, we will address the denial of the exceptions of no right of action and no cause of action. I agree that the trial court correctly denied these exceptions.
As noted previously, we agreed in a 2005 opinion that the plaintiffs have a right of action under La.R.S. 9:2222. In Shaffer v. Stewart Const. Co., Inc., 03-971 (La.App. 5 Cir. 1/13/04), 865 So.2d 213, 218, this Court stated:
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue.
(Emphasis added.).
I agree with this Court's finding that the law of the case principle is applicable here with respect to the effect of the 2005 appeal in this matter. Since this Court has already determined that the plaintiffs have a right of action under La.R.S. 9:2222, we need not revisit that determination here. I additionally agree that Melba has a cause of action under La.R.S. 9:2222. I therefore agree that the trial court did not err in denying the exceptions of no right of action and no cause of action.
JOHNSON, J., concurs with the reasons assigned by Judge WICKER.
NOTES
[1] I note that much of the facts and procedural history in this opinion derive from earlier appeals in this matter or related matters.
[2] La.C.C. art. 3437 defines precarious possession as the "exercise of possession over a thing with the permission of or on behalf of the owner or possessor." When a thing is under the control of a precarious possessor, its possession belongs to the person for whom the precarious possessor possesses. The precarious possessor enjoys none of the rights attributed to possessors, including acquisitive prescription. La.C.C. art. 3440.